336 S.E.2d 217

**Jerlene COLEMAN**

v.

**Kenneth Harlos COLEMAN.**

**No. 16504.**

Court of Appeals of West Virginia.

Oct. 24, 1985.

Sarah Nell Hall, Welch, for appellant.
Robert E. Blair, Welch, for appellee.

PER CURIAM:

The appellant and plaintiff below, Jerlene Coleman, appeals from a final decree of the Circuit Court of McDowell County granting a divorce on the grounds of irreconcilable differences, contending that the trial court erred in denying her motion to amend the divorce complaint to specifically assert a claim for equitable distribution of the former marital residence. For the reasons that follow, we reverse and remand for further proceedings.

After some twenty years of marriage and the births of four children, the appellant filed a divorce complaint on August 6, 1982, alleging that irreconcilable differences existed between the parties. An amended complaint was filed on September 3, 1982, adding a claim of cruel and inhuman treatment as grounds for the divorce. Neither the original complaint nor the amended complaint contained a claim for equitable distribution or otherwise sought any ownership interest in the marital home that was titled solely in the husband's name. The defendant husband answered the original complaint on September 3, 1982, denying the existence of irreconcilable differences.

The parties were able to reach an agreement concerning the custody of the children, possession of the marital home, and other matters pending final resolution of the divorce action. This agreement was ratified and affirmed by order of the circuit court. No further proceedings were had in the action until July, 1983, when the defendant, with leave of court, filed an amended answer admitting the existence of irreconcilable differences.

Meanwhile, this Court on May 23, 1983, had rendered its pronouncement in *LaRue v. LaRue*, 172 W.Va. 158, 304 S.E.2d 312 (1983), a decision which expanded the authority of circuit courts to distribute mari-

tal assets in divorce proceedings. On September 30, 1983, the appellant moved the court for leave to file a second amended complaint seeking equitable distribution of the marital residence. She testified that she had actually assisted in the construction of the home and argued that when the children were grown and the house was sold, she was entitled to one-half of the proceeds of that sale.

The trial court denied the appellant's motion, expressly relying on our holding in *LaRue* that equitable distribution based on "homemaker services" was not available in any case that was filed prior to that decision. The trial judge concluded that since the appellant's initial divorce complaint was filed several months prior to *LaRue,* she was, therefore, not entitled to amend her complaint to assert an equitable distribution claim for a one-half interest in the marital residence.

■ The trial court erred in refusing to permit the appellant to file an amended complaint seeking equitable distribution based on her "economic contribution," i.e., her work with regard to the construction of the home. This Court made a clear distinction in *LaRue* between equitable distribution based on "homemaker services" and "economic contributions." In Syllabus Point 13 of *LaRue* we expressly permitted a claim for equitable distribution based on economic contributions to be asserted in pending cases:

> "Because equitable distribution based on economic contributions does not involve any substantial departure from our prior law which is contained in *Patterson v. Patterson,* 167 W.Va. 1, 277 S.E.2d 709 (1981), and related cases, it is available in pending cases where the issue is specifically asserted."

However, because *LaRue* created a new rule of law in permitting equitable distribution based on "homemaker services," we held in Syllabus Point 14 that equitable distribution based on homemaker services would only be applicable to those cases filed after the date of the opinion.

■ *LaRue* thus did not prohibit the appellant from amending her complaint to advance an equitable distribution claim based on an economic contribution theory, and we have consistently held that Rule 15(a) of the West Virginia Rules of Civil Procedure should be liberally construed in favor of permitting pleadings to be amended. *See, e.g., Murredu v. Murredu,* 160 W.Va. 610, 236 S.E.2d 452 (1977). More specifically, we held in Syllabus Point 1 of *Adkins v. Slater,* 171 W.Va. 203, 298 S.E.2d 236 (1982), that:

> " '[M]otions to amend should always be granted under Rule 15 when: (1) the amendment permits the presentation of the merits of the action; (2) the adverse party is not prejudiced by the sudden assertion of the subject of the amendment; and (3) the adverse party can be given ample opportunity to meet the issue.' Syl. pt. 3, *Rosier v. Garron, Inc.,* 156 W.Va. 861, 199 S.E.2d 50 (1973), *in part.*"

■ Under these principles, we think it is clear that the appellant should have been permitted to amend her complaint. Both parties on remand shall be afforded an opportunity to present additional evidence concerning the appellant's work in connection with the home construction.

For the foregoing reasons, we reverse the judgment of the Circuit Court of McDowell County and remand for further proceedings.

Reversed and Remanded With Directions.