**NATIONAL DISTILLERS AND CHEMICAL CORPORATION, Etc., Plaintiff-Appellee,**

v.

**BRAD'S MACHINE PRODUCTS, INC., Etc., Defendant-Appellant.**

**No. 80-7681.**

United States Court of Appeals, Eleventh Circuit.

Jan. 22, 1982.

---

Bradley, Arant, Rose & White, Thad G. Long, Birmingham, Ala., for defendant-appellant.

Lange, Simpson, Robinson & Somerville, Robert McD. Smith, Birmingham, Ala., for plaintiff-appellee.

Before TUTTLE, HENDERSON and HATCHETT, Circuit Judges.

HATCHETT, Circuit Judge:

Brad's Machine Products (Brad's) appeals the judgment of the district court exonerating National Distillers and Chemical Corporation (National) of various federal antitrust claims and state law conversion claims.[1] Brad's appeals alleging error by the district court (1) in refusing to allow amendment of Brad's counterclaims, (2) in refusing to apply the doctrine of potential competition to a Robinson-Patman price discrimination case, (3) in granting summary judgment on pre-1969 counterclaims, (4) in permitting National's expert witnesses to testify and admitting certain exhibits, and (5) in giving jury instructions which were the equivalent of a directed verdict.

Because we resolve these contentions in favor of National, we affirm the actions of the district court.

## FACTS

Brad's was a machine shop which became heavily indebted. In the lawsuits which resulted from its indebtedness, Brad's blamed National, its major supplier and creditor, for its economic woes. Brad's accused National of forcing upon it disastrous terms for the purchase of raw materials. National denied any wrongdoing and insisted that Brad's economic problems were the product of extravagant and poor management. National denied its executives had entered into secret agreements with Brad's executives to take over the company and burden it with debt.

National filed its original complaint for the indebtedness in 1971, and Brad's filed its counterclaims, which it subsequently amended extensively on two occasions. Shortly before trial, Brad's attempted to amend its counterclaims a third time. The district court (1) rejected this attempt as untimely, (2) rejected Brad's contention that it was entitled to a Robinson-Patman price discrimination action based upon the doctrine of potential competition, holding that actual functional competition was required, (3) rejected Brad's pre-1969 claims as barred by the statute of limitations, (4) granted summary judgment to National, and (5) permitted certain of National's expert witnesses to testify, and entered certain of National's exhibits which Brad's claimed were in violation of the pre-trial order. Brad's claimed it was unduly prejudiced by the testimony and the exhibits. Brad's also objected to certain jury instructions as error.

We must review the district court's rulings to determine whether it committed reversible error.

## DISCUSSION

### I. Timeliness of Amendment

After more than nine years of pretrial proceedings, Brad's attempted to amend its counterclaims to plead additional charges of bribery and fraud against National. The trial court denied these motions as untimely, and on motion for reconsideration denied them without elaboration. Brad's argues that the amendments were made as expeditiously as possible upon discovery of the wrongdoings. Because National concealed certain documents, Brad's asserts that it did not uncover evidence of National's plot, despite extensive discovery, until February, 1980.

*Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), requires that federal courts in diversity cases

---

1. National was granted summary judgment on Brad's state law conversion claims by memorandum order, May 28, 1979. This issue is not before the court.

apply the substantive law of the states. Federal law, however, applies to procedural questions, with certain exceptions. Brad's claims that the district court, under the *Erie* doctrine, should have applied Alabama law governing the statute of limitations relating to a state-created right of action for fraud. Brad's asserts that under Alabama law, a counterclaim is always allowable—notwithstanding limitations—if it arises out of the same facts as the plaintiff's case. As Brad's acknowledges on appeal, the district court order was based on the untimeliness of the motion to amend under Fed.R.Civ.P. 15, and not on the limitations policy.

National asserts that the amendment of petitions is a matter within the discretion of the trial court, and Brad's has not shown that the trial court abused its discretion in denying the amendment. National also argues that Brad's counterclaims do not relate back to the original petition within the meaning of Federal Rules of Civil Procedure 15(c), and that Brad's counterclaims introduced a new and different theory of the case which would require extensive preparation, undue prejudice, and delay. National denies concealing documents and insists that the disputed crucial documents were either in Brad's own records or had been made available to Brad's in early discovery, and that its disputed witnesses were former Brad's employees.

Rule 15(a) has liberal provisions for amendment, stating that "leave shall be freely given when justice so requires." This court has held that the matter is one in the sound discretion of the trial court. *Freeman v. Continental Gin Co.*, 381 F.2d 459, 468 (5th Cir. 1967). In *Freeman*, this court held that where the trial court has reason to deny the motion to amend, this

court will leave that decision undisturbed. 381 F.2d at 468. Further, the Supreme Court has held that an "apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment" and similar grounds would support a district court's refusal to permit the amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

■ In the instant case, the district court found the amendment "untimely." We find no abuse of discretion by the trial court in this determination. In *Freeman*, we held that the trial court properly refused to permit an amendment three years after the events complained of, and more than fourteen months after the action had been filed. 381 F.2d at 469. In the instant case, the amendment was attempted eleven years after the activity in question and nine years after the lawsuit was filed. We are not impressed by Brad's contention that National concealed vital documents. All the key documents were originally in Brad's possession or National had surrendered similar documents not in dispute which provided the same information. Our review of the record supports National's assertion on this point. We therefore find that Brad's first contention is without merit.

## II. *Robinson-Patman Potential Competition*

The district court dismissed Brad's federal antitrust claim under the Robinson-Patman Act, 15 U.S.C. §§ 13–13b [2], after hold-

---

**2.** Title 15 U.S.C. § 13–13b provides, in pertinent part:

§ 13(a) It shall be unlawful for any person engaged in commerce, in the course of such commerce, either directly or indirectly, to discriminate in price between different purchasers of commodities of like grade and quality, where either or any of the purchasers involved in such discrimination are in commerce, where such commodities are sold

for use, consumption, or resale within the United States or any Territory thereof or the District of Columbia or any insular possession or other place under the jurisdiction of the United States, and where the effect of such discrimination may be substantially to lessen competition or tend to create a monopoly in any line of commerce, or to injure, destroy, or prevent competition with any person who either grants or knowingly receives

ing that Brad's was not an actual competitor with any National customer who had received a discriminatorily lower price.

On appeal, Brad's contends that the district court erred in holding that actual competition was required. Brad's asserts that the doctrine of potential competition, as articulated in the case law of this circuit, is broad enough to permit it to continue its action against National. National asserts that actual competition is required, and that the district court acted properly.

 It is the well established law of this circuit that in the absence of substantial evidence of price discrimination between competitors in comparable transactions, an action will not lie under the Robinson-Patman Act. *Collins Oil Co. v. Tenneco, Inc.*, 556 F.2d 1274 (5th Cir. 1977); *M.C. Manufacturing Co. v. Texas Foundries, Inc.*, 517 F.2d 1059 (5th Cir. 1975). As this court held in *M.C. Manufacturing*:

> Discriminatory pricing is violative of Robinson-Patman only when it lessens or tends to prevent competition between customers or between sellers. To constitute a Robinson-Patman wrong, the price discrimination must occur between competitors in comparable transactions—i.e., where persons receiving the different prices are in actual, functional competition with one another—and it must have the requisite effect upon actual or potential competition. Even if the sales at different prices are contemporaneous, involve goods of like grade and quality, the price distinction is not justified by good business cause, and it causes injury to the disadvantaged purchaser, recovery under the Act is precluded absent proof that the price variance detrimentally affected competition.

517 F.2d at 1066 (footnotes omitted). The district court correctly held that actual functional competition was required as a predicate for a Robinson-Patman claim in this circuit.

### III. *Pre-1969 Counterclaims*

Brad's asserts that its attempt to amend its pleadings in August, 1977, to include Robinson-Patman claims extending back to January, 1967, was proper to "clarify" its pleadings. The amendments "relate back" under rule 15(c) to the date of the original counterclaims and were within the four-year limitations period. Brad's asserts that the district court erred in reading its original counterclaims too narrowly and in improperly applying the relating back rule. Brad's also argues that the statute of limitations was tolled by fraudulent concealment on the part of National.

National asserts that all of Brad's original counterclaims were predicated on pricing conduct and sales transactions occurring after August, 1969. Thus, the amendments did not relate back, but attempted to plead wholly distinct causes of action. National asserts that the amendments were barred by the statute of limitations.

Federal Rule of Civil Procedure 15(c) controls the issue. In pertinent part it reads: "Whenever the claim ... asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth ... in the original pleading, the amendment relates back to the date of the original pleading." Fed.R.Civ.P. 15(c).

 In the instant case, the wrongs alleged in the amendment were separate and distinct from the price fixing violations alleged in the original complaint. The charges therefore did not relate back within the meaning of rule 15(c), and were thus barred by the four-year statute of limitations.

 Further, we find other valid grounds upon which the district court could have denied the motion. Rule 15(a) places

the benefit of such discrimination, or with customers of either of them.

(b) Upon proof being made, at any hearing on a complaint under this section, that there has been discrimination in price or services or facilities furnished, the burden of rebutting

the prima-facie case thus made by showing justification shall be upon the person charged with a violation of this section, and unless justification shall be affirmatively shown, the Commission is authorized to issue an order terminating the discrimination.

the granting of motions to amend within the sound discretion of the trial court. *Harkless v. Sweeny Ind. Sch. Dist. of Sweeny, Texas*, 554 F.2d 1353 (5th Cir. 1977). In the instant case, Brad's attempted to amend six years after the commencement of the action and after two extensive amendments of the counterclaim in March and October of 1973. The amendments complained of instances which occurred ten years prior to the attempted amendments. It was well within the discretion of the trial court to conclude that the amendments were untimely and would result in undue prejudice to National. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Freeman v. Continental Gin Co.*, 381 F.2d 459 (5th Cir. 1967).

We find no abuse of discretion on the part of the trial court in denying these amendments.

### IV. *The Expert Witnesses*

Brad's asserts that the district court erred in permitting two of National's expert witnesses to testify at trial, and in admitting National's exhibits in evidence. Brad's argues that National failed to comply with the court's pretrial order to inform Brad's of the substance of its anticipated expert testimony, thereby unduly prejudicing Brad's in its preparation of the case.

In denying any such prejudice to Brad's, National asserts that it provided Brad's with the summary of the expected testimony three weeks prior to trial, and that Brad's neglected to interview the witnesses until trial was underway. Brad's, made a Fed.R.Civ.P. 26(b)(4) motion and was able to examine the witnesses the weekend before they testified.

This situation is controlled by *Davis v. Duplantis*, 448 F.2d 918 (5th Cir. 1971), in which this court held that the trial court has wide latitude in controlling pretrial procedures. The trial court's "decision as to the extent that pretrial activity should pre-vent the introduction of otherwise competent and relevant testimony at trial must not be disturbed unless it is demonstrated that he has clearly abused the broad discretion vested in him by Rule 16." 448 F.2d at 921.

In *Davis*, the plaintiffs had eight days notice before the trial commenced of the identity of a potential witness and had an opportunity to depose the witness. 448 F.2d at 921. In the instant case, the plaintiff had twenty-one days notice, and actually did interview the witnesses.

Our review of the record fails to disclose any abuse of discretion by the trial court in this matter. As the court observed in *Davis*, "[f]or us to require that this witness be excluded from testifying by rigid application of the pretrial requirements set at the discretion of the trial judge would thwart the obvious intent of the rules to leave this kind of determination to the sole discretion of the trial judge." 448 F.2d at 921.

### V. *Jury Instructions*

Brad's last challenge is to the supplemental jury instructions issued by the trial judge. Brad's asserts that the trial court (1) improperly subordinated the issue of control to secondary status; (2) singled out burden of proof in a misleading way; (3) misconstrued the law by stating Brad's had suffered no legal injury unless the jury was satisfied Brad's could have gotten a better price elsewhere; and (4) erred in answering the jury's question about "future purchases" by suggesting that twenty years might not be unreasonably long.[3]

The proper standard of review on jury instructions is to view the challenged instructions "as part of the entire charge, in view of the allegations of the complaint, the evidence presented, and the arguments of counsel, to determine whether the jury was misled and whether the jury understood the issues." *First Virginia Bankshares v. Benson*, 559 F.2d 1307, 1316 (5th Cir. 1977).

---

**3.** Under the special verdict form, the jury's first task was to determine whether National and Brad's had an exclusive purchase agreement. The jury concluded there was no exclusive agreement. It did not address the other ques-tions on the form. Because Brad's protests on appeal are primarily addressed to the weight and evaluation of the agreement and the circumstances under which it was entered, they were largely mooted by the jury verdict.

■ Our review of the jury instructions does not convince us that the challenged instructions, when viewed in context, misled the jury or that the jury did not understand the issues.

## CONCLUSION

We hold that (1) the trial court did not abuse its discretion in refusing to allow Brad's to amend its counterclaims as untimely; (2) the Robinson-Patman doctrine of potential competition is limited to actual competitors; (3) the counterclaims were barred by the statute of limitations; (4) the trial court did not abuse its discretion in permitting the expert witnesses to testify or in admitting certain exhibits; and (5) the jury instructions were proper. We affirm.

AFFIRMED.