778 F.2d 649
 1985-2 Trade Cases 66,889, 19 Fed. R. Evid. Serv. 1586
 BALOGH'S OF CORAL GABLES, INC., David R. Balogh, Inc., and
Balogh Jewelers of Hallandale, Inc., Plaintiffs-Appellants,
v.
Irving GETZ, Mayor's Jewelers, Inc., and Rolex Watch, USA,
Defendants-Appellees.
 No. 84-5731.
 United States Court of Appeals,
Eleventh Circuit.
 Dec. 16, 1985.
 
 Joel D. Eaton, Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, Fla., for plaintiffs-appellants.
 David L. Ross, Greenberg, Traurig, Hoffman, Lipoff, Quental & Wolff, P.A., Miami, Fla., for I. Getz, Mayor's Jewelers, Inc.
 Brian F. Spector, Kenny Nachwalter & Seymour, P.A., Miami, Fla., Stephen Ruffino, Gibney, Anthony & Flaherty, Donald J. Williamson, John F. Flaherty, New York City, for Rolex Watch.
 Appeal from the United States District Court for the Southern District of Florida.
 Before VANCE and HATCHETT, Circuit Judges, and ATKINS*, District Judge.
 VANCE, Circuit Judge:
 
 
 1
 In this case the plaintiffs are appealing the district court's corrected final judgment in favor of the defendants rejecting the plaintiffs' claim of conspiracy under section 1 of the Sherman Act. We affirm.
 
 I. Facts and Procedural History
 
 2
 The plaintiffs, Balogh's of Coral Gables, Inc., David R. Balogh, Inc., and Balogh Jewelers of Hallandale, Inc. (collectively referred to as "Balogh's"), are three related corporations that operate four jewelry stores in southern Florida. Defendant Mayor's Jewelers, Inc. ("Mayor's") is a corporation that owns a chain of retail jewelry stores in Florida, eleven of which are in southern Florida. Defendant Irving Getz is the president of Mayor's. Defendant Rolex Watch, USA ("Rolex") is a New York corporation and is the sole distributor of Rolex watches in the United States. Balogh's initial complaint alleged that Rolex consistently refused to deal with Balogh's as the result of an agreement between Irving Getz, acting for Mayor's, and Rolex to exclude Balogh's from the southern Florida market for the purpose of providing artificial price support and a competitive advantage to Mayor's. Rolex previously had refused to make Balogh's an authorized Rolex dealer, stating that it already had adequate representation in the southern Florida area. After the defendants moved for summary judgment, the district court reserved ruling on this joint motion for summary judgment and severed the issue of conspiracy from the other elements of the plaintiffs' action for separate trial. The jury found that Getz and Mayor's did not conspire with Rolex to exclude Balogh's as an authorized dealer, and the district court then entered a final judgment and a corrected final judgment in favor of the defendants.
 
 
 3
 The plaintiffs now appeal, complaining of (1) the district court's instructions to the jury, (2) the court's exclusion of the plaintiffs' economic expert's testimony, (3) the court's exclusion of the testimony and written statement of a former employee of Mayor's, A. Zachary Agran, (4) the court's exclusion of the testimony of Jay Fader, (5) the court's granting of the defendants' request to read part of Irving Getz's deposition concerning a market study and denial of the plaintiffs' request to have the study produced, and (6) the court's treatment of the case as a rule of reason case. We find no error in the district court's disposition of the case and therefore affirm the judgment in favor of the defendants.
 
 II. Discussion
 
 4
 Turning first to the jury instructions issue, Balogh's contends that the district court's instructions to the jury violated the principles set forth in Lessig v. Tidewater Oil Co., 327 F.2d 459, 466 (9th Cir.), cert. denied, 377 U.S. 993, 84 S.Ct. 1920, 12 L.Ed.2d 1046 (1964), which basically state that it is erroneous for the court to instruct a jury that the various overt acts proven by the plaintiff are lawful without mentioning the qualification "in the absence of conspiracy" or something to that effect. Balogh's cites two instructions that allegedly run afoul of Lessig.[1] They object particularly to the district court's instructions that a policy against transshipping, i.e., selling on a secondary market, is not illegal in and of itself. They argue that this instruction prejudiced them by denying the jury the opportunity to consider Rolex's policy against transshipping as circumstantial evidence of an agreement with Mayor's to restrain trade. We reject the plaintiffs' argument on the basis of our court's previous holding that "[t]he proper standard of review on jury instructions is to view the challenged instructions 'as part of the entire charge, in view of the allegations of the complaint, the evidence presented, and the arguments of counsel, to determine whether the jury was misled and whether the jury understood the issues.' " National Distillers & Chemical Corp. v. Brad's Machine Products, Inc., 666 F.2d 492, 497 (11th Cir.1982) (quoting First Virginia Bankshares v. Benson, 559 F.2d 1307, 1316 (5th Cir.1977), cert. denied, 435 U.S. 952, 98 S.Ct. 1580, 55 L.Ed.2d 802 (1978)). We have also stated that "the trial court must be given broad discretion in wording the jury instructions and will not be reversed so long as the charge correctly states the substance of the law." United States v. Sorrells, 714 F.2d 1522, 1531 (11th Cir.1983). Our review of the jury instructions convinces us that the jury was given a fair and clear set of guidelines with which to decide the issue presented to them--whether an agreement existed between Mayor's and Rolex to restrain trade. When the challenged instructions are viewed as part of the whole, it is clear that the district court gave a proper set of instructions to the jury.
 
 
 5
 Balogh's second contention is that the district court abused its discretion when it excluded Balogh's economic expert's testimony. They argue that an understanding of the underlying economic facts was important to a proper resolution of the conspiracy issue, and therefore an expert explanation of their significance was admissible. The rule is well settled in this circuit that the trial judge has broad discretion concerning the admissibility of expert testimony, and we will not disturb his decision unless it is manifestly erroneous. United States v. Sans, 731 F.2d 1521, 1530 (11th Cir.1984), cert. denied, --- U.S. ----, 105 S.Ct. 791, 83 L.Ed.2d 785 (1985); United States v. Lopez, 543 F.2d 1156, 1158 (5th Cir.1976), cert. denied, 429 U.S. 1111, 97 S.Ct. 1150, 51 L.Ed.2d 566 (1977). We hold that the district court acted within its discretion in excluding the economic expert's testimony. The district court properly concluded that the plaintiffs' expert would have introduced complex and inappropriate monopoly economic theory that would have served to complicate, rather than clarify, the one simple factual issue before the jury.
 
 
 6
 Balogh's asserts next that the trial court erred in excluding the testimony and written statement of A. Zachary Agran. Agran, a former employee of Mayor's, had made statements in January of 1980 to Balogh's while seeking employment with them that generally incriminated Mayor's and Rolex in the conspiracy alleged in Balogh's complaint. Agran initialed a handwritten statement by Balogh's counsel, and the statement was notarized. In February of 1984 Agran gave Mayor's counsel an affidavit recanting the statement made four years earlier. Balogh's argues that under Fed.R.Evid. 607 "[t]he credibility of a witness may be attacked by any party, including the party calling him." The admission of Agran's testimony and written statement, however, would have been contrary to the rule in this circuit that " 'impeachment by prior inconsistent statement may not be permitted where employed as a mere subterfuge to get before the jury evidence not otherwise admissible.' " Whitehurst v. Wright, 592 F.2d 834, 839 (5th Cir.1979) (quoting United States v. Morlang, 531 F.2d 183, 190 (4th Cir.1975)). We therefore hold that the district court acted properly in excluding Agran's testimony and written statement.
 
 
 7
 Balogh's fourth contention is that the trial court erred in excluding the testimony of Jay Fader. Balogh's asserts that Fader, formerly employed by the Rudolph Deutsch Company, was prepared to testify that Rolex terminated the Deutsch Company's Rolex dealership because the Deutsch Company was supplying Rolex watches to Balogh's by transshipping. Balogh's argues that none of the three reasons given by the trial court for excluding Fader's proposed testimony impeaching Mr. Dentan of Rolex--that it was not impeachment, that it was not relevant, and that it was entirely collateral--are supported by law, and that the trial court committed a legal error in excluding the testimony. We disagree. The trial court's finding as to whether particular testimony was repetitive, collateral and irrelevant was one within its sound discretion. As we have stated previously, "[a] district court's order concerning the exclusion of witnesses will be upheld unless there has been a clear abuse of discretion." United States v. Koziy, 728 F.2d 1314, 1320 (11th Cir.), cert. denied, --- U.S. ----, 105 S.Ct. 130, 83 L.Ed.2d 70 (1984). We find no such abuse here and hold that the exclusion of Fader's testimony was proper.
 
 
 8
 The final contention made by Balogh's concerning the disposition of the case below is that the trial court erred in permitting the defendants to read parts of Irving Getz's deposition concerning a market study and denying Balogh's request to have the study produced. Balogh's argues that the results of the professional research firm's market study were inadmissible hearsay. In this circuit, however, determinations of admissibility of evidence are largely within the trial court's discretion, and we will not disturb them on appeal absent a clear showing of an abuse of that discretion. Baylor v. Jefferson County Board of Education, 733 F.2d 1527, 1533 (11th Cir.1984); United States v. Russell, 703 F.2d 1243, 1249 (11th Cir.1983). We find no clear indication that the trial court abused its discretion here.
 
 
 9
 Because we have rejected Balogh's first five contentions, we find it unnecessary to reach the issue of whether the district court properly determined this to be a rule of reason case. Whether the conspiracy alleged by Balogh's was per se unreasonable makes no difference since we find no error in the jury's determination that no conspiracy actually existed.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Honorable C. Clyde Atkins, U.S. District Judge for the Southern District of Florida, sitting by designation
 
 
 [1]
 Balogh's objects to the following two instructions given to the jury by the district court:
 Furthermore, it is not sufficient proof of a conspiracy merely to show evidence that Mayor's may have complained to Rolex about Balogh's. That evidence alone, even coupled with Rolex's refusal to deal, is not enough to infer a conspiracy. Complaints to a distributor such as Rolex from its dealers arise in the normal course of business and do not indicate illegal concerted action. It is necessary and proper for a distributor such as Rolex to receive from its dealers information about what is occurring in the market. To find a conspiracy, there must be evidence that tends to exclude the possibility that Rolex and Mayor's were acting independently. Isolated transactions between Rolex and Mayor's, which are explicable without reference to a broader program, are likewise insufficient to show a conspiracy.
 ....
 You have heard evidence about Rolex's dealings with those already established authorized retailers who transship--that is, who sell their merchandise to someone other than the ultimate consumer--and about Rolex' policy in regard to transshipping.
 Whether or not Rolex has a policy against its authorized dealers transshipping or selling to other unauthorized dealers, or whether that policy is enforced, is not at issue in this case. There is nothing illegal about having such a policy. Evidence of Rolex' policy against transshipping shall not be taken by you as proving an agreement not to make Balogh's an authorized dealer.