[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2007
THOMAS K. KAHN
CLERK

No. 06-10517

_____

D. C. Docket No. 04-60040-CV-WPD

PATRICIA A. LOCKABY, as
Personal Representative of the
Estate of Perry E. Lockaby,
for the use and benefit of the
Estate of Perry E. Lockaby,

Plaintiff-Appellant,

versus

JLG INDUSTRIES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 11, 2007)**

Before BIRCH and FAY, Circuit Judges, and CUDAHY,* District Judge.

PER CURIAM:

_____
*Honorable Richard D. Cudahy, United States Circuit Judge for the Seventh Circuit, sitting by designation.

This is a wrongful death case arising from the tragic death of a man crushed between a scissor lift and a backhoe. At the conclusion of a jury trial, verdicts were returned in favor of the defendant/appellee. The jury found specifically that the scissor lift was not a defective product and that the defendant had not been guilty of negligence.

The only issue raised in this appeal challenges the jury instruction dealing with the defense of misuse of the product. We review a challenged jury instruction 'as part of the entire charge, in view of the allegations of the complaint, the evidence presented, and the arguments of counsel, to determine whether the jury was misled and whether the jury understood the issues.'" *National Distillers and Chemical Corp. v. Brad's Machine Products, Inc.*, 666 F.2d 492, 497 (11th Cir.1982) (quoting *First Virginia Bankshares v. Benson*, 559 F.2d 1307, 1316 (5th Cir.1977)); *U.S. v. Johnson*, 139 F.3d 1359, 1366 (11th Cir.1998). We assume that jurors carefully follow instructions for this assumption underpins our constitutional system of trial by jury. *See Francis v. Franklin*, 471 U.S. 307, 324 (U.S. 1985). Although we consider a district court's jury instructions under a deferential standard of review, *Eskra v. Provident Life & Acc. Ins. Co.*, 125 F.3d 1406, 1415 (11th Cir.1997), we will reverse and order a new trial where the instructions do not accurately reflect the law, and the

instructions as a whole do not correctly instruct the jury. *Carter v. DecisionOne Corp. through C.T. Corp. Sys.*, 122 F.3d 997, 1005 (11th Cir.1997) (quoting *Johnson v. Bryant*, 671 F.2d 1276, 1280 (11th Cir.1982)).

In this case the jury was instructed orally and given a written version of the instructions for use during deliberations. Pursuant to these instructions the jury was to first decide whether or not the plaintiff had proved the allegations of negligence. In response to a special interrogatory, the jury said "no." Next the jury was instructed to consider the claim of product liability and whether or not the scissor lift was defective. In response to another special interrogatory, the jury said "no." Under the jury instructions this ended the case and their deliberations. There was no need for the jury to consider the issue of misuse and we find nothing about the instruction that would have confused or misled the jury in its deliberations as to the issues of negligence or product liability (defective product).

Finding no error we affirm.

AFFIRMED.