[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 06-15088
Non-Argument Calendar
_____

D. C. Docket No. 03-21044-CV-JEM

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 21, 2007
THOMAS K. KAHN
CLERK

LIDERES ENTERTAINMENT GROUP, INC.,

Plaintiff-Counter-Defendant-
Appellee,

versus

AARON LOPEZ VALDOVINOS,
AARON LOPEZ, JR.,
JACQUELINE LOPEZ,
each individually and collectively d.b.a. AJR Discos,
AJR DISCOS,

Defendants-Counter-Claimants-
Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 21, 2007)**

Before BIRCH, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

This case arises out of a copyright dispute over a "Master Sound Recordings" copyright licensing agreement and a "Mechanical" copyright licensing agreement. Defendants/Counter-Plaintiffs Aaron Lopez Valdovinos, Aaron Lopez, Jr., Jacqueline Lopez, and AJR Discos (collectively, Appellants or "AJR"), appeal that portion of the district court's entry of final judgment, after a jury verdict, in favor of Plaintiffs/Counter-Defendants Lideres Entertainment Group, Inc. (Appellees or "Lideres Group"), on AJR's counterclaims. After AJR sought to terminate both licensing agreements, based on the Lideres Group's alleged non-payment of royalties, the Lideres Group filed this action for a declaratory judgment that it was not in breach of the agreements and for tortious interference with its contract with a third party. AJR counterclaimed, asserting, among other things, claims for willful copyright infringement, and breach of the licensing agreements, an oral agreement, and an implied contract. On appeal, AJR argues the district court erred (1) by submitting the issue of liability to the jury, after determining, as a matter of law, that AJR's termination was proper; and (2) in its instructions to the jury. We affirm.

We review a challenged jury instruction "as part of the entire charge, in view of the allegations of the complaint, the evidence presented, and the arguments of counsel, to determine whether the jury was misled and whether the jury understood the issues." Nat'l Distillers & Chem. Corp. v. Brad's Mach. Prods., Inc., 666 F.2d

2

492, 497 (11th Cir. 1982) (quoting First Virginia Bankshares v. Benson, 559 F.2d 1307, 1316 (5th Cir. 1977)); United States v. Johnson, 139 F.3d 1359, 1366 (11th Cir. 1998). That we assume jurors carefully follow instructions for this assumption underpins our constitutional system of trial by jury. See Francis v. Franklin, 471 U.S. 307, 324 (1985). Although we consider a district court's jury instructions under a deferential standard of review, Eskra v. Provident Life & Accident Insurance Co., 125 F.3d 1406, 1415 (11th Cir. 1997), we will reverse and order a new trial where the instructions do not accurately reflect the law, and the instructions as a whole do not correctly instruct the jury. Carter v. DecisionOne Corp. Through C.T. Corp. Sys., 122 F.3d 997, 1005 (11th Cir. 1997) (quoting Johnson v. Bryant, 671 F.2d 1276, 1280 (11th Cir. 1982)).

Upon thorough review of the record, we discern no reversible error in the manner in which the district court submitted the case to the jury, neither in the issues it submitted nor in the instructions it gave. All of AJR's appellate arguments were considered at great length, sometimes on numerous occasions, and rejected by the district judge, both in numerous written orders and at the charge conference. As for the jury instructions, the district court charged the jury with the standard instructions on the issues raised at trial, and, at the charge conference, the district court observed that to the extent AJR had objections to the standard instructions, counsel had not

3

"really provided me an alternative that is useable in any way." After the parties submitted 186 pages of proposed jury instructions, the district court requested the attorneys to continue working on the instructions. In response, AJR submitted nothing. On this record, the district court did not err and, accordingly, we affirm.

**AFFIRMED.**