JAMES MATTHEW PLUM, *and Infant, etc.*

*v.*

LOUIS R. MITTER, *etc.*

(No. CC887)

Submitted February 5, 1974.    Decided April 9, 1974.

*Harry R. McCulloh* for plaintiffs.

*Charles W. Smith, Carl F. Stucky, Jr.,* for defendant.

SPROUSE, JUSTICE:

This case, which is before the Court on certification by the Circuit Court of Mineral County, involves an action instituted by James Matthew Plum, an infant, by his next friend, Alvin Plum and Lila Plum, against Louis R. Mitter to recover damages for injuries sustained by the infant plaintiff when he was struck by an automobile owned and operated by the defendant Mitter. The original complaint claimed damages for the infant plaintiff's permanent injuries, pain and suffering, and

past and future medical expenses. The answer interposed a defense that the infant plaintiff could not recover for medical expenses, past or future, since, being a dependent, his parents, Alvin and Lila Plum, were responsible for such expenses.

After the time expired under the statute of limitations, the plaintiff moved to file an amended complaint adding Alvin Plum and Lila Plum, individually, as additional parties plaintiff. They asserted their claim for past and future medical expenses incurred or to be incurred in behalf of their son, the infant plaintiff. The circuit court allowed the filing of the amended complaint, but certified the following question:

> "Was the Court authorized to or did it abuse its discretion in permitting the original complaint herein to be amended making so as to claim past and future medical expenses on behalf of the parents of an infant who were not made parties to the original complaint, except as next friend to the infant plaintiff, where the period of the applicable statute of limitation has run between the time of the filing of the original complaint and the time of the filing of the motion to amend the original complaint and the filing by leave of court of the amended complaint."

The answer to the certified question requires an application of both 15 (a) and 15 (c) of the Rules of Civil Procedure. Rule 15 (a) provides that, after the time for amendment as a matter of right has expired, pleadings may be amended by leave of court "and leave shall be freely given when justice so requires." Leave to amend would avail the plaintiff nothing, however, unless the amendment relates back to the date of the original pleading, thus avoiding the application of the statute of limitations. Rule 15 (c) states:

> "*Relation back of amendments.*—Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

This Court recently considered a similar problem in a wrongful death action which involved a plaintiff's motion to amend by substituting a party plaintiff after the running of the statute of limitations. In that case, a foreign administratrix originally sued as plaintiff. She moved after the running of the statute of limitations to substitute a West Virginia administrator. We held Rule 15 should be interpreted liberally and set forth three Rule 15 (a) criteria as guides in determining when "justice" requires leave to amend: " (1) the amendment should permit the presentation of the merits of the action; (2) the adverse party should not be prejudiced by the sudden assertion of the [subject of the amendment]; and, (3) the adverse party should be given ample opportunity to meet the issue." *Rosier v. Garron, Inc.,* 156 W.Va. 861, 199 S.E.2d 50, 56.

These guidelines were originally announced in *Nellas v. Loucas,* 156 W.Va. 77, 191 S.E.2d 160. *Nellas* interpreted a Rule 15 (b) situation. Rule 15 (b) motions always involve amendments during or after trial, and those guidelines are obviously tailored against the possibility of surprise or prejudice by a new development during trial. As was indicated in *Rosier,* however, they are also generally applicable to a 15 (a) motion.

We have not before specifically discussed the doctrine of the "relation back" of an amendment as to parties, but this has been considered frequently by the Federal courts in interpreting the same language of Rule 15 (c) of the Federal Rules of Civil Procedure. There are, of course, differences depending on whether the question is adding a new party or substituting the same party in a different capacity. There has evolved, nonetheless, from most of the Federal decisions, three criteria that are generally considered to determine whether an amendment would relate back to the original pleading so as to avoid the statute of limitations. These are: Whether the defendant has received adequate notice of the claim against him; whether the defendant would be unfairly prejudiced if

the amendment were allowed to relate back; and finally, whether there is an "identity of interest" between the original party plaintiff and the new party plaintiff sought to be introduced by the amendment. Annot., 12 A.L.R. Fed. 233 et seq.

There can be no doubt that the claim which Alvin and Lila Plum asserted in their amended complaint arose out of "the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." As a matter of fact, those same damages were asserted in the original pleading—only they were alleged to have been incurred by the child rather than the parents. Obviously, the original complaint gave notice to the defendant of this claim—it was the same. There likewise is a clear identity of interest between Alvin and Lila Plum as next friend of their child and Alvin and Lila Plum in their own right. It cannot be said that the defendant would be prejudiced if the amendment was allowed to "relate back."

It is true that the defendant must now defend a claim he may have thought was barred, due to a combination of the manner of pleading and the passage of time, and to that extent he has "lost" something. This, however, is not prejudice in the sense that would bar a legitimate claim against which he fully could have expected to defend. *Williams v. United States*, 405 F.2d 234 (5th Cir.) The trial court was correct in its ruling, and the plaintiff should have been permitted to amend—the amendment relating back in time to the filing of the original complaint.

The answer to the certified question is that the court was authorized to permit the amendment and the ruling of the Circuit Court of Mineral County is affirmed.

*Affirmed.*