GLEN DAVID ROBERTS, *et al.*

*v.*

WAGNER CHEVROLET-OLDS, INC., *etc., et al.*

(No. CC906)

Decided October 9, 1979.

*Gilbert Wilkes, III*, for plaintiffs.

*Rice, Hannis & Douglas, Richard L. Douglas and J. Oakley Seibert* for defendants.

PER CURIAM:

This certified question proceeding raises the issue of whether, for the purpose of a statute of limitation period, an amendment to the plaintiffs' complaint should be treated as relating back to the time of the filing of the original complaint.

On March 18, 1977, the Roberts filed the complaint instituting this action. The complaint alleged that on September 14, 1976, plaintiff Edith Roberts took the Roberts' vehicle to Wagner Chevrolet-Olds, Inc. for body repairs. Wagner verbally estimated that the repairs would cost $600.00 to $700.00. On October 23, 1976, Mrs. Roberts returned to Wagner's shop to pick up the vehicle. She was told that the final cost figures were not in from the shop, and she was asked to sign a paper ("Agreement") indicating that the Roberts owed Wagner money but not specifying the amount Mrs. Roberts signed. Later, on November 17, 1976, the Roberts received from the Old National Bank, a copy of the "Agreement" with notice of assignment and with a filled-in repair bill figure of $1,034.67. The Roberts protested. Nevertheless, on December 28, 1976, they received a payment book from the Old National Bank indicating that the first payment had been due thirteen days before on December 15, 1976. When Mrs. Roberts attempted to make the payment, on January 5, 1977, the Bank refused to accept it. Later, on February 5, 1977, the Bank seized the car. The complaint further alleged:

> "13) That the 'Agreement', Exhibit 'A', is an unconscionable contract of adhesion, violation of Plaintiffs' constitutional rights under the Fourteenth Amendment of the Constitution of the United States of America, and unenforceable as a matter of law."

> "15) That Defendants, Old National and Wagner, did, wilfully and maliciously, conspire to convert Plaintiffs' property.

> "16) That Defendants, Old National and Wagner, did, by force convert Plaintiffs' property to

their own use in furtherance of such conspiracy, ..."

More than a year after the filing of the original complaint, on May 4, 1978, the plaintiffs, with permission of the court, but over the objections of the defendants, filed an amended complaint. The amended complaint reiterated the allegations of the original complaint and further charged that the defendants had jointly violated the provisions of Title 15, Chapter 1601, *et seq.* of the Code of the United States, commonly called the Truth in Lending Act.

15 *U.S.C.A.* § 1640(e), a section of the Truth in Lending Act, provides:

> "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation."

For violations under 15 *U.S.C.A.* § 1640(e) the one year period begins running on the date of the violation, that is, on the day a transaction is entered into or a finance charge is first imposed. *Goldman v. First National Bank of Chicago*, 532 F.2d 10 (7th Cir. 1976), cert. den., 429 U.S. 870, 97 S.Ct. 183, 50 L.Ed.2d 150 (1976); *Fenton v. Citizens Savings Association*, 400 F.Supp. 874 (C.D. Mo. W.C. 1975).

After the filing of the amended complaint the defendants moved for judgment on the pleadings. They contended that more than one year had passed from the time of the alleged violation to the time of the filing of the amended complaint; thus, any action under 15 *U.S.C.A.* § 1601, *et seq.* was barred by the statute of limitations unless the amendments in the amended complaint related back, or were treated as having been filed on the date of the original complaint.

The trial court, after hearing arguments, overruled the motion on the ground that the amendments did relate back and certified the following question to us:

"That the alleged violations of federal statutes (15 USCA 1600) et seq. and their related regulations and interpretations are subject to a one year statute of limitations (15 USCA 1640(e)), said one year period beginning on the date of the alleged violation, and that a complaint filed within said one year period asking for damages under West Virginia law may be amended after the expiration of the one year statute of limitations period to include alleged violations of federal statutes (15 USCA 1600 et seq.), though no alleged violation of any of said federal statutes was made in complaints or amended complaints filed within the one year period."

15 *U.S.C.A.* § 1640(e) and the *Goldman* and *Fenton* cases, *supra,* clearly indicate the violations of 15 *U.S.C.A.* § 1601, *et seq.,* are governed by a one year statute of limitations and that the one year period begins on the date of the alleged violation. Therefore, the real question in this proceeding is whether the amended complaint relates back to the time of the filing of the original complaint which was March 18, 1977, so that it was thus within the one year federal limitation period.

Our Rules of Civil Procedure apply to this proceeding. R.C.P. Rule 1. Rule 15, which governs amended and supplemental pleadings, provides that "leave [to amend pleadings] shall be freely given when justice so requires." Rule 15(c) states:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

In discussing Rule 15, we have held that the words "and leave [to amend] shall be freely given when justice so requires" in Rule 15 is to secure such an adjudication on the merits of the controversy as would be secured under factual situations in the absence of procedural impediments. *Rosier v. Garron, Inc.,* ____ W. Va. ____,

199 S.E.2d 50 (1973); see also, *Plum v. Mitter*, ___ W. Va. ___, 204 S.E.2d 8 (1974); *Nellas v. Loucas*, ___ W. Va. ___, 191 S.E.2d 160 (1972).

We note that Rule 15(c) of the Federal Rules of Civil Procedure, insofar as it governs amendments involving changes of causes of action rather than changes of parties, is identical to West Virginia's Rule 15(c). We have treated federal decisions interpreting Rule 15(c) as having precedential value in West Virginia. *Plum v. Mitter*, *supra*.

The federal courts, in analyzing amendments to pleadings to determine if they relate back, have generally found relation back where the amendments state a cause of action growing out of the specified conduct of the defendant which gave rise to the original cause of action. With regard to this point, 3 Moore's Federal Practice § 15.15(3) states:

> "The Federal Rules have broadened the meaning of the concept of 'cause of action,' shifting the emphasis from a theory of law as to the cause of action, to the specified conduct of the defendant upon which the plaintiff relies to enforce his claim. And an amendment which changes only the legal theory of the action, or adds another claim arising out of the same transaction or occurrence, will relate back. Thus, an amendment will relate back which changes the theory of recovery as to the type of negligence claimed, ... changes the theory of the action from one based on contract to one sounding in tort, ..."

Federal cases where relation back has been found to occur include: *Tiller v. Atlantic Coast Line R.R.*, 323 U.S. 574, 65 S.Ct. 421, 89 L.Ed. 465 (1945), where the action was originally brought under the Federal Employers' Liability Act, and the amended complaint alleged violations of the Boiler Inspection Act; *United States v. Johnson*, 288 F.2d 40 (5th Cir. 1961), where the action originally sounded in contract and the amended complaint alleged negligence; and *Nola Elec. Co. v. Reilly*, 93

F.Supp. 164 (S.D. N.Y. 1948), where the original complaint sounded in contract and an amendment six years later added a claim sounding in tort.

Although the federal courts have focused upon whether or not the cause started in the amended complaint arose out of the same transaction or occurrence set out in the original complaint, those courts have also recognized that relation back should not occur where (1) allowance of relation back would work injustice on any party or (2) the opposing party had no notice of the new cause, and, by allowing relation back, he would have no opportunity to prepare a defense to it. We have adopted this position where amendment would introduce a new party to the proceeding. *Plum v. Mitter, supra.*

In accordance with the interpretations placed on Rule 15(c) by the federal courts, we conclude that in West Virginia an amendment to a complaint which changes only the legal theory of the action, or adds another claim arising out of the same conduct, transaction or occurrence, will relate back to the filing of the original complaint, provided (1) injustice to the adverse party will not result from allowance of relation back, and (2) the adverse party has received adequate notice of the claim against him and has an adequate opportunity to prepare a defense to it.

After analyzing the record before us, we conclude that the truth in lending claim did grow out of conduct, transactions and occurrences alleged in the original complaint. The plaintiffs in the original complaint clearly set forth what they considered unconscionable circumstances surrounding the procurement and execution of the "Agreement" which they appended to the original complaint as "Exhibit 'A'." In their complaint, they alleged that in the procurement of the execution of the contract the defendants had failed to comply with the requirements of the Truth in Lending Act. Clearly the allegations of both the original complaint and the amended complaint arise out of the defendants' procurement of the "Agreement" from the plaintiffs.

We further note that the plaintiffs, in paragraph 13 of the original complaint, by informing Wagner and the Old National Bank that they considered the circumstances surrounding the "Agreement" unconscionable, notified the defendants that they had claims arising out of the "Agreement" transaction. If the Roberts are permitted to assert their positions with regard to the alleged credit violations, Wagner and the Old National Bank may yet present evidence showing that no credit violation has occurred. Under the circumstances we cannot conclude that the allowance of relation back in this case will unjustly prejudice the defendants. On the other hand, allowance of relation back will promote the same adjudication of the merits of the controversy as would be secured in the absence of procedural impediments, and as we have stated, this is the purpose of the requirement in Rule 15 that leave to amend shall be freely given. *Rosier v. Garron, Inc., supra.*

For the foregoing reasons the answer to the certified question in this case is that violations of 15 *U.S.C.A.* § 1601, *et seq.* are governed by a one year statute of limitations which begins running on the date of the alleged violation, and the allegations of the amended complaint, under the facts of this case, relate back so that recovery is not barred by the one year statute of limitations.

*Affirmed.*