ELLA V. FARMER, *et al.*

*v.*

L.D.I., INC., *d/b/a* 84 JUNCTION

(No. 14474)

Decided February 16, 1982.

*Charnock & White and Robert L. White* for appellants.

*Kay, Casto & Chaney and Thomas V. Flaherty* for appellee.

PER CURIAM:

The appellants seek reversal of a final order of the Circuit Court of Kanawha County granting summary judgment for the appellee, L.D.I., Inc. (LDI). In granting summary judgment in favor of the appellee, the trial court denied the appellants leave to amend their com-

plaint to name 84 Lumber Company d/b/a/ 84 Junction as the proper party defendant. Because we conclude that the trial court abused its discretion in refusing to permit appellants' amendment, and because the amended complaint satisfies the requirements of Rule 15(c)* governing whether an amended complaint relates back to the date of the filing of the original action, we reverse the judgment appealed from insofar as it precluded the appellants from amending their complaint and remand for further proceedings.

The operative facts can be briefly stated. On July 3, 1975, the appellant, Ella V. Farmer, was injured when she fell at 84 Junction, a retail kitchen supply store located in St. Albans, West Virginia. In September of 1975, counsel for the appellants wrote a letter to representatives of 84 Junction at its St. Albans address advising them of the accident and injury. Subsequently, counsel was contacted by a claims adjuster for Underwriters Adjusting Company both by telephone and by letter. In the correspondence, LDI was identified as the insured. Counsel was also informed that LDI owned 84 Lumber. As the parties were not able to reach a settlement, the appellants brought an action against LDI, serving process through the Secretary of State on July 7, 1977. LDI answered the complaint admitting that it owned and operated a retail store doing business as 84 Junction in St. Albans, West Virginia, but denying it was guilty of any negligence. Some five days later, however, LDI filed an amended answer pursuant to Rule 15(a), denying that it either owned or operated the retail store.

LDI subsequently filed a motion for summary judgment with supporting affidavits disclosing that the retail store doing business as 84 Junction was owned by 84 Lumber Company, a separate legal entity. The affidavits filed by

---

* Rule 15(c) of the West Virginia rules of Civil Procedure was amended by order of this Court adopted on June 1, 1978, and is generally applicable to pending actions. The Court is of the opinion that a literal application of the amended rule to this case would work an injustice within the meaning of Rule 86 and, therefore, the provisions of Rule 15(c) as originally adopted apply in this proceeding.

the appellee did not set forth the precise legal relationship between the two companies, but it is clear that LDI is a stockholder of 84 Lumber Company. Prior to the trial court's ruling on the appellee's motion for summary judgment, the parties were requested by the trial court to file briefs on the question of whether the appellant should be permitted to name 84 Lumber Company as the proper corporate defendant. The trial court, upon consideration of the briefs of counsel and oral arguments, granted summary judgment for the appellee but failed to state any reason why the appellants were not granted leave to amend their complaint.

We begin with the proposition that although a trial court has some discretion to deny leave to amend under Rule 15(a), it has been uniformly held that leave to amend must be freely given. In Syllabus Point 3 of *Rosier v. Garron, Inc.*, 156 W.Va. 861, 199 S.E.2d 50 (1973), this court held as follows:

> "The purpose of the words 'and leave [to amend] shall be freely given when justice so requires' in Rule 15(a) W.Va. R.Civ.P., is to secure an adjudication on the merits of the controversy as would be secured under identical factual situations in the absence of procedural impediments; therefore, motions to amend should always be granted under Rule 15 when: (1) the amendment permits the presentation of the merits of the action; (2) the adverse party is not prejudiced by the sudden assertion of the subject of the amendment; and (3) the adverse party can be given ample opportunity to meet the issue."

Some federal courts, whose decisions have precedential value in West Virginia, *see*, e.g., *Roberts v. Wagner Chevrolet/Olds, Inc.*, 163 W.Va. 559, 258 S.E.2d 901, 903 (1979), have held that a trial court must give some justification for its refusal to permit an amendment in view of the liberal policy expressed by the rules in favor of permitting amendments. *Ondis v. Barrows*, 538 F.2d 904 (1st Cir. 1976); *J.B. Williams Co. v. LeConte Cosmetics, Inc.*, 523 F.2d 187 (9th Cir. 1975). The trial court gave no reason here.

Upon careful consideration of all the facts and circumstances presented in the case at bar, we are of the opinion that there was no reason why the appellants should not have been permitted to amend their complaint. There was no undue delay on their part in seeking the amendment, and there was no evidence that they acted in bad faith. Furthermore, we perceive no undue prejudice to the defense by virtue of allowing the amendment. The only conceivable ground on which the trial court could have reasonably denied leave to amend is that the amendment would be futile because the amended complaint would not relate back to the filing of the original complaint so as to avoid the bar of the statute of limitations. In other words, the only reasonable basis for denying an amendment is that the amended complaint would be barred by the statue of limitations.

The parties are in agreement that if the amended complaint does not relate back to the date of the original complaint, the action against 84 Lumber Company would be untimely under the two-year limitation period for bringing personal injury actions. *W.Va. Code*, 55-2-12. Rule 15(c) provides that "[w]henever the claim ... asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

There can be no doubt that the specified requirement of Rule 15(c) has been satisfied in this case. Both the original pleading and the amended pleading charged that the appellants suffered damages as a result of the negligent operation of a retail store doing business as 84 Junction. Furthermore, there are compelling equitable considerations in favor of permitting the amended complaint to relate back to the filing of the original action. Under the circumstances, counsel for the appellants did not act unreasonably in bringing the action against LDI.

Assuming that he made a mistake in bringing the action against LDI, the facts strongly suggest that he may well have been induced by the conduct of the agent for the insurance company to believe that LDI was the

proper defendant and that 84 Lumber Company was a wholly-owned subsidiary of LDI. The correspondence form the agent with whom counsel was put in contact by representatives of 84 Junction indicated that LDI owned a liability policy on the subject premises. It is also significant in our view of the equities of this case that LDI initially answered the complaint admitting that it owned and operated 84 Junction. There is simply no reason on these facts to permit a windfall for the defendant because of the vagaries of corporate structure. Considering the totality of the circumstances, we are of the opinion that to deny the amendment here would exalt form over substance and would frustrate one of the fundamental purposes of our laws and our rules of civil procedure: to secure an adjudication on the merits.

In *Plum v. Mitter*, ____ W.Va. ____, 204 S.E.2d 8 (1974), this court permitted an amendment to add additional parties plaintiff after the applicable statute of limitations had run. In permitting the amendment, the court recognized the "identity-of-interest" doctrine that holds that where the parties are closely related in their business activities the institution of an action against one of them is notice of the litigation to the others. *See, Martz v. Miller Brothers Co.*, 244 F.Supp. 246 (D.Ct.Del. 1965); Annot., 11 A.L.R.Fed. 269 §6(a) (1972); 57 Minn.L.Rev. 83 (1973). We are of the opinion that there is a sufficient identity-of-interest between the old and the new party to this action that 84 Lumber Company can be held to have received such notice of the claim against it that it will not be unfairly prejudced in the defense of the action.

For the foregoing reasons, the judgment of the Circuit Court of Kanawha County is reversed with directions that the appellants shall be permitted to file an amended answer naming as a defendant 84 Lumber Company d/b/a 84 Junction and that the amendment shall relate back to the date of the filing of the original complaint.

*Reversed and remanded with directions.*