357 S.E.2d 775

**Carol V. MAUCK**

v.

**CITY OF MARTINSBURG, etc., et al.**

**No. 15895.**

Supreme Court of Appeals of West Virginia.

May 27, 1987.

Robert D. Aitcheson, Charles Town, for appellant.

Rice, Douglas & Shingleton, Richard Douglas and J. Oakley Seibert, Martinsburg, for appellee.

PER CURIAM:

The appellants, the City of Martinsburg and Eugene Dunsworth, Jr., appeal from a final order of the Circuit Court of Berkeley County, entered February 1, 1983, which denied their motion to set aside a jury verdict rendered in favor of Carol V. Mauck, the appellee herein, in a civil action for breach of contract and wrongful discharge. We conclude that the circuit court erred in allowing Ms. Mauck to amend her complaint to include the claim of wrongful discharge, and we reverse the judgment of the circuit court and remand the case for further proceedings.

Ms. Mauck was employed by the City of Martinsburg as a cashier at city hall. In February 1976, Mr. Dunsworth, the city manager, suspended her from employment pending an investigation of missing city funds. Ms. Mauck was subsequently indicted on a charge of embezzlement of public funds, but was found not guilty at a jury trial conducted in August 1976. When Ms. Mauck inquired about returning to work, she was notified, by certified letter dated October 22, 1976, that she was being discharged on grounds of incompetence and inefficiency in the performance of her duties and carelessness and negligence in the use of city property.

In December 1977, Ms. Mauck brought suit against the appellants in the Circuit Court of Berkeley County seeking damages

for breach of her employment contract and for tortious conduct arising under the insulting words statute, W.Va.Code § 55–7–2 (1981 Replacement Vol.). Trial was conducted in January 1980, and a verdict was rendered in favor of Ms. Mauck. The circuit court, however, granted the appellants' motion for a new trial on the contract claim and entered judgment notwithstanding the verdict on the tort claim. On appeal, we affirmed the lower court's ruling and remanded the case for a new trial on the breach of contract claim. *Mauck v. City of Martinsburg,* 167 W.Va. 332, 280 S.E.2d 216 (1981).

On February 26, 1982, Ms. Mauck filed with the circuit court a motion to amend her complaint to include a claim of wrongful discharge, which was granted over the objection of the appellants. A jury trial was conducted in November 1982, and a verdict was rendered in favor of Ms. Mauck, awarding her compensatory and punitive damages on her wrongful discharge claim. The appellants subsequently moved to set aside the verdict. By order entered February 1, 1983, the trial court ruled that Ms. Mauck was not entitled to punitive damages and ordered that portion of the jury's verdict set aside, but entered judgment against the appellants for the compensatory damages awarded.

■ Our primary concern in this appeal is whether the trial court erred in allowing Ms. Mauck to amend her complaint to include the wrongful discharge claim. Amendments of pleadings are governed by Rule 15 of the West Virginia Rules of Civil Procedure. Rule 15(a) provides that leave to amend "shall be freely given when justice so demands." In syllabus point 3 of *Rosier v. Garron, Inc.,* 156 W.Va. 861, 199 S.E.2d 50 (1973), we held that the purpose of these words

is to secure an adjudication on the merits of the controversy as would be secured under identical factual situations in the absence of procedural impediments;

therefore, motions to amend should always be granted under Rule 15 where: (1) the amendment permits the presentation of the merits of the action; (2) the adverse party is not prejudiced by the sudden assertion of the subject of the amendment; and (3) the adverse party can be given an ample opportunity to meet the issue.

In the case at bar, it appears that the claim for wrongful discharge was not available to Ms. Mauck until some seven months after the institution of the proceedings. *See Harless v. First Nat'l Bank in Fairmont,* 162 W.Va. 116, 246 S.E.2d 270 (1978). It is also apparent, however, that once the claim became available, Ms. Mauck failed to pursue it. There is no evidence that Ms. Mauck sought to amend her complaint to include a theory of wrongful discharge in the over eighteen months between our decision in *Harless, supra,* and the first trial in this case. Rather, she waited over three and one-half years, until both the trial court and this Court had rejected her previous tort claim, to raise this theory of liability. Even then, the issue was not raised until a week before the case was scheduled for retrial on remand.

■ The liberality allowed in the amendment of pleadings does not entitle a party to be dilatory in asserting claims or to neglect his case for a long period of time. *See Daves v. Payless Cashways, Inc.,* 661 F.2d 1022 (5th Cir.1981).* Lack of diligence is justification for a denial of leave to amend where the delay is unreasonable, and places the burden on the moving party to demonstrate some valid reason for his neglect and delay. *See Carter v. Supermarkets General Corp.,* 684 F.2d 187 (1st Cir.1982); *Freeman v. Continental Gin Co.,* 381 F.2d 459 (5th Cir.1967); *Roorda v. American Oil Co.,* 446 F.Supp. 939 (W.D.N.Y.1978). This is especially true where the party is seeking leave to amend

* We have recognized that decisions of the federal courts interpreting Fed.R.Civ.P., Rule 15 have precedential value in West Virginia. *See Farmer v. L.D.I., Inc.,* 169 W.Va. 305, 286 S.E.2d 924 (1982); *Roberts v. Wagner Chevrolet-Olds, Inc.,* 163 W.Va. 559, 258 S.E.2d 901 (1979); *Plum v. Mitter,* 157 W.Va. 773, 204 S.E.2d 8 (1974).

**96**

on remand after an adverse ruling by an appellate court on his original pleadings.

> [A]t this very late stage, an interest in orderly litigation cautions against entertaining arguments not previously raised absent very compelling circumstances; parties should ordinarily litigate all issues at one time rather than piecemeal.... It would be unfair to defendants, after the latter have prevailed on the ... theories originally presented, to allow plaintiff to test yet another theory and to continue on what would become a new law suit.

*Feeney v. Commonwealth,* 475 F.Supp. 109, 111–112 (D.Mass.1979), *aff'd* 445 U.S. 901, 100 S.Ct. 1075, 63 L.E.2d 317 (1980). *See also Oreck Corp. v. Whirlpool Corp.,* 639 F.2d 75 (2d Cir.1980), *cert. denied* 454 U.S. 1083, 102 S.Ct. 639, 70 L.Ed.2d 618 (1981); *Troxel Mfg. Co. v. Schwinn Bicycle Co.,* 489 F.2d 968 (6th Cir.1973), *cert. denied,* 416 U.S. 939, 94 S.Ct. 1942, 40 L.Ed.2d 290 (1974); *United States v. Truckee-Carson Irrigation Dist.,* 107 F.R.D. 377 (D.Nev.1985); *Commonwealth v. Local 542, Int'l Union of Operating Engineers,* 569 F.Supp. 582 (E.D.Pa.1983).

In the case at bar, Ms. Mauck offered no explanation for her failure to request leave to amend her complaint prior to the first trial in January 1980. It was reasonable for the appellants to assume that she intended not to press a claim of wrongful discharge for tactical reasons and to prepare their case accordingly. Ms. Mauck's assertion of the claim over three and one-half years after it became available to her and more than five years after her dismissal from employment placed the appellants at a distinct disadvantage with respect to the availability of evidence and the accuracy of their witnesses' memories.

A motion for leave to amend a complaint is addressed to the sound discretion of the trial court. *Nellas v. Loucas,* 156 W.Va. 77, 191 S.E.2d 160 (1972); *Perdue v. S.J. Groves and Sons Co.,* 152 W.Va. 222, 161 S.E.2d 250 (1968). Under the peculiar facts and circumstances of this case, we conclude that allowance of the amendment here was unjust and prejudicial to the appellants. Accordingly, we hold that the trial court abused its discretion in granting leave to amend the original complaint.

In view of our resolution of this issue, we find it unnecessary to address the other issues raised by the parties. Ms. Mauck is still entitled to a trial on her breach of contract claim. For the reasons stated above, the judgment of the Circuit Court of Berkeley County is reversed, and the case is remanded for a new trial.

Reversed and remanded.