378 S.E.2d 850

**Michael L. BENNETT**

v.

**Dennis OWENS, Sr.**

**No. 18407.**

Supreme Court of Appeals of West Virginia.

March 27, 1989.

Laura R. Tew, Askin, Pill, Scales & Burke, Martinsburg, for Michael L. Bennett.

James B. Rich, III, Martinsburg, for Dennis Owens.

PER CURIAM:

This is an appeal by Michael L. Bennett from an order of the Circuit Court of Berkeley County denying a motion to amend the complaint in a battery action.

On appeal the appellant claims that the trial court erred in refusing to allow the amendment. After reviewing the record this Court agrees and reverses the decision of the circuit court.

On June 1, 1985, the appellant attended a high school graduation party conducted on the premises of the appellee, Dennis Owens, Sr. In the course of the party someone, believed by the appellant to be Dennis Owens, Sr., struck the appellant with a club, broke his jaw, and knocked him out. Following the incident the appellant instituted a battery action against Dennis Owens, Sr. Dennis Owens, Sr. denied essential allegations of the complaint, and in a later deposition testified that he did not personally strike the appellant or inflict personal injury upon him. He did indicate, however, that he had heard of the circumstances surrounding the battery and he had heard that his son, Dennis Scott Owens had struck the appellant.

After the taking of the deposition the appellant moved to amend his complaint. He sought to alter his claim and allege that Dennis Owens, Sr. had been negligent in conducting the party by failing to monitor the consumption of alcohol by individuals attending the party, by allowing guests to become intoxicated, by failing to take precautionary measures to neutralize an argument between the appellant and other guests, and by encouraging other guests, including his son, to engage in drunken, rowdy, aggressive, and threatening conduct.

After conducting a hearing on the appellant's motion on August 31, 1987, the court ruled that the proposed amendment set up a totally separate cause of action and, since the motion for leave to amend the complaint was filed beyond the two-year limitation period governing tort actions, it was untimely. It is from the circuit court's ruling that the appellant now appeals.

The amendment of complaints in civil actions in West Virginia is governed by Rule 15 of the West Virginia Rules of Civil Procedure. That rule provides that a party may amend a pleading once as a matter of course at any time before a responsive pleading is served. It also provides that a party may amend after a responsive pleading is served with the written consent of the adverse party or by leave of the court. The rule specifies that "leave shall be freely given when justice so requires."

In *Rosier v. Garron, Inc.*, 156 W.Va. 861, 199 S.E.2d 50 (1973), this Court discussed circumstances under which a trial court should grant leave to amend under Rule 15. The Court concluded, in syllabus point 3, that:

> The purpose of the words "and leave [to amend] shall be freely given when justice so requires" in Rule 15(a) W.Va.R.Civ.P., is to secure an adjudication on the merits of the controversy as would be secured under identical factual situations in the absence of procedural impediments; therefore, motions to amend should always be granted under Rule 15 when: (1) the amendment permits the presentation of the merits of the action; (2) the adverse party is not prejudiced by the sudden assertion of the subject of the amendment; and (3) the adverse party can be given ample opportunity to meet the issue.

These principles have been followed in later cases. *Mauck v. City of Martinsburg*, 178 W.Va. 93, 357 S.E.2d 775 (1987); *Adkins v. Slater*, 171 W.Va. 203, 298 S.E.2d 236 (1982); *Farmer v. L.D.I., Inc.*, 169 W.Va. 305, 286 S.E.2d 924 (1982); *State ex rel. Board of Education v. Spillers*, 164 W.Va. 453, 259 S.E.2d 417 (1979); *Plum v. Mitter*, 157 W.Va. 773, 204 S.E.2d 8 (1974).

■ This Court has recognized that under certain circumstances a trial court should allow amendment of a complaint, even where the amendment changes the legal theory of the case and the new legal theory, if advanced independently, would be barred by the statute of limitations at the time of the amendment. The real question is whether the legal theory raised by the amendment grows out of the same conduct, transaction, or occurrence which gave rise to the initial transaction. If it does, it will be allowed, provided that injustice will not result from the allowance of relation back and provided the adverse par-

ty has received adequate notice of the new claim and has an adequate opportunity to prepare a defense to it. *Roberts v. Wagner Chevrolet–Olds, Inc.*, 163 W.Va. 559, 258 S.E.2d 901 (1979).

In the case presently before the Court, the appellant sought to amend his complaint against Dennis Owens, Sr. by alleging that, instead of striking the appellant directly at the time of the incident giving rise to the proceeding, Dennis Owens, Sr. was negligent in supervising the incident and by failing to take precautionary measures to neutralize the argument between the appellant and the other guests and by encouraging other guests to engage in aggressive behavior toward him.

The theory advanced by the appellant's amendment arose out of the same factual context as the appellant's original theory. The original complaint placed Dennis Owens, Sr. on notice of the injury which the appellant suffered, the general circumstances which resulted in that injury, and of the fact that recovery was being sought against him because of his participation in the incident. The appellant moved to amend his complaint after the deposition of Dennis Owens, Sr. was taken, but before trial of the case.

This Court believes that at the time of the appellant's motion, amendment would have permitted the preservation of the merits of the action, and Dennis Owens, Sr. would have had an adequate opportunity to prepare a defense to meet the issues raised. The Court cannot say that the motion to amend was made at such a time and in such a manner as to result in sudden prejudice against Dennis Owens, Sr.

Under the circumstances, and in view of the policy favoring liberal amendment, this Court believes that the circuit court erred in refusing to allow the appellant to amend his complaint.

The judgment of the Circuit Court of Berkeley County is, therefore, reversed and this case is remanded with directions that the circuit court allow the amendment advanced by the appellant and that the court proceed with trial of the case.

Reversed and remanded with directions.