400 S.E.2d 305

**Doyle JONES**

v.

**Jacqueline JONES and Robey J. Knight, Committee for Jacqueline Jones, Incompetent.**

**No. 19266.**

Supreme Court of Appeals of West Virginia.

Dec. 14, 1990.

Orton A. Jones, Hedges, Jones, Whittier & Hedges, Spencer, for Jacqueline Jones and Robey J. Knight.

Sandra Sisson Bullman, Charleston, for Doyle Jones.

MILLER, Justice:

In this appeal of a property settlement order, we are asked to rule on the applicability of the equitable distribution law. The circuit court found the equitable distribution law to be inapplicable here. We find this to be error and, therefore, reverse the order of the circuit court and remand for a determination of the distribution.

The parties to this action, Doyle and Jacqueline Jones, were married in February, 1954, in Roane County, where they continued to reside throughout their marriage.

During the marriage, Mr. Jones was employed by Pennzoil. Mrs. Jones was a full-time homemaker.[1] Together Mr. and Mrs. Jones worked the small farm on which they lived.[2]

In November, 1982, Mr. Jones moved out of the marital home.[3] He filed his original complaint for divorce in January, 1983, on the grounds of cruel and inhuman treatment and irreconcilable differences. Mrs. Jones filed an answer in February, 1983, in which she denied cruel and inhuman treatment and sought support from Mr. Jones. That same month, an order for alimony *pendente lite* was entered, which continued in effect until the circuit court entered its order regarding property division. The matter was then referred to a special commissioner pursuant to W.Va.Code, 48–2–25 (1969).

No final action had been taken by March, 1985, when Mr. Jones filed an amended complaint. He again alleged cruel and inhuman treatment and irreconcilable differences, but added the additional ground of living apart for more than one year. He also sought protection of his property interests and asserted a second cause of action seeking partition of the marital real estate.

Mrs. Jones filed an answer and counterclaim on June 13, 1985, in which she sought equitable distribution of the marital property. Subsequently, on June 24, 1985, Mrs. Jones was declared incompetent and a committee was appointed for her. On August 20, 1985, the answer and counterclaim were refiled with the committee as a party.

On August 21, 1985, Mr. Jones was granted the divorce on the ground of separation exceeding one year. The proceedings were continued for all other purposes. The special commissioner held hearings and submitted a report in which he set forth

1. The marriage produced no children.

2. Apparently, the farm was simply a hobby which provided some food for the family and was not significantly profitable.

3. There is conflicting evidence as to why he moved out. For purposes of this appeal, however, the reason is unimportant.

4. Syllabus Point 14 of *LaRue* states:

recommended findings of fact and conclusions of law, one of which was that the marital property be subject to equitable distribution.

On September 12, 1988, the circuit court entered an order regarding division of the marital property. The judge held that equitable distribution was not applicable to this case and, as a result, Mr. Jones received most of the property. It is with this ruling that Mrs. Jones takes issue.

On May 25, 1983, this Court issued *LaRue v. LaRue*, 172 W.Va. 158, 304 S.E.2d 312 (1983), where we adopted the doctrine of equitable distribution in divorce cases based on homemaker services. We discussed the issue of retroactivity of equitable distribution and concluded that it should be applied prospectively, including cases presently pending where the claim was made.[4]

Subsequent to our decision in *LaRue*, the legislature amended our divorce statute, W.Va.Code, 48–2–1, *et seq.*, to include broader and more detailed provisions for equitable distribution. In W.Va.Code, 48–2–36, the legislature provided an outline for retroactive application:

"Amendments made to the provisions of this article during the regular session of the legislature in the year one thousand nine hundred eighty-four shall be of retroactive effect to the extent that such amended provisions shall apply to the distribution of marital property, but not an award of alimony, in all actions filed under the provisions of this article after the twenty-fifth day of May, one thousand nine hundred eighty-three, or actions pending on that date in which a claim for equitable distribution of marital property had been pleaded: Provided,

"Equitable distribution based on homemaker services should be applied prospectively, that is, only to those cases filed after the date of this opinion. Since we have applied the homemaker principles to the present case, we will extend these principles to those cases presently on appeal to this Court where an equitable distribution claim for homemaker services has actually been presented in the lower court."

That such amendments to the provisions of this article shall not, in any case, be applicable to actions filed under the provisions of this article in which, prior to the effective date [June 8, 1984] of the act of the legislature enacting such amendments, (1) there has been a final decree entered under the provisions of section fifteen [§ 48–2–15] of this article, or (2) the taking of evidence has been completed and the case has been submitted for decision."

Mr. Jones maintains that equitable distribution should not be applied in this case because it was filed in January, 1983, before the *LaRue* opinion and the 1984 equitable distribution amendments to W.Va. Code, 48–2–1, *et seq.* He also relies on *Coleman v. Coleman,* 175 W.Va. 569, 336 S.E.2d 217 (1985), where there was an attempt to amend a divorce complaint to include a claim for equitable distribution. The original complaint was filed before the date of *LaRue.* We concluded that such amendment to claim equitable distribution could not be done in view of *LaRue's* holding on retroactivity.

*Coleman* stands for the limited proposition that a divorce case filed before the date of *LaRue* cannot be subsequently amended to obtain equitable distribution benefits. In divorce cases we have traditionally made a distinction between an amendment to the divorce complaint which alters the grounds for relief and an amendment which changes the cause of action. In the former case, the amendment maintains the present suit and relates back to the date the suit was originally filed. Where, as here, the amendment changes the cause of action, it gives rise to a new suit which commences when the amendment is filed.

In *Gray v. Gray,* 120 W.Va. 498, 199 S.E. 361 (1938), suit was originally filed on the ground of adultery. Subsequently, the complaint was amended to assert a claim for habitual drunkenness. The claim was made that at the time of the original filing, the court lacked jurisdiction because the one-year residency requirement had not been met. When the amendment was filed, the residency requirement had been met. We affirmed the denial of a motion to dismiss and concluded in the Syllabus, in part, of *Gray:*

> "A bill in chancery for a divorce under Code, 48–2–8, may be amended to amplify or clarify its allegations, but alterations or additions to its averments which lay a new ground for equitable relief constitute the commencement of a new suit...." [5]

*See also Goldman v. Goldman,* 146 W.Va. 855, 122 S.E.2d 843 (1961); *Grottendick v. Webber,* 132 W.Va. 539, 52 S.E.2d 700 (1949); *Harbert v. Harbert,* 130 W.Va. 704, 45 S.E.2d 15 (1947). Much the same result is reached under Rule 15 of the West Virginia Rules of Civil Procedure, which is applicable to divorce actions. As we stated in Syllabus Point 6 of *Murredu v. Murredu,* 160 W.Va. 610, 236 S.E.2d 452 (1977):

> "Rule 15 of the Rules of Civil Procedure relating to amended and supplemental pleadings is applicable to divorce actions, and such Rule should be liberally construed."

Of particular interest here is Rule 15(d) [6] relating to supplemental pleadings, which is the same as Rule 15(d) of the Federal Rules of Civil Procedure. We have not had occasion to discuss Rule 15(d), but its language is designed to permit a party to file "supplemental pleadings setting forth transactions or occurrences or events

---

**5.** W.Va.Code, 48–2–8, is now W.Va.Code, 48–2–7 (1985). In addition, under modern pleading procedures, proceedings for divorce are now instituted by complaint. W.Va.R.Civ.P. 3.

**6.** W.Va.R.Civ.P. 15(d) states:

"*Supplemental pleadings.*—Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor."

which have happened since the date of the pleading sought to be supplemented."

■ Federal courts have taken the view that where a supplemental pleading relates to events that occurred after the initial pleading, but does not set out an entirely new cause of action, then the supplemental pleading relates back to the date of the original pleading for statute of limitations purposes. *See Davis v. Piper Aircraft Corp.,* 615 F.2d 606 (4th Cir.), *cert. dismissed,* 448 U.S. 911, 101 S.Ct. 25, 65 L.Ed.2d 1141 (1980); *Keith v. Volpe,* 858 F.2d 467 (9th Cir.1988), *cert. denied,* 493 U.S. 813, 110 S.Ct. 61, 107 L.Ed.2d 28 (1989). In *Davis,* the court applied the relation-back language of Rule 15(c), which deals with amended pleadings, to a supplemental pleading under Rule 15(d). The particular language in Rule 15(c) is "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth ... in the original pleading, the amendment relates back to the date of the original pleading."[7]

From a purely procedural standpoint, it appears that Rule 15(d) is not designed to be read in conjunction with Rule 15(c) on the relation-back issue. *See* 6A C. Wright, A. Miller, & M. Kane, *Federal Practice & Procedure* § 1508 (2d ed. 1990). In the Rule 15(d) area, if the supplemental pleading creates an entirely new cause of action based on facts different than those in the original complaint, the amended pleading will not relate back for purposes of the statute of limitations. *See Fuller v. Marx,* 724 F.2d 717 (8th Cir.1984); *National Distillers & Chem. Corp. v. Brad's Mach. Prods., Inc.,* 666 F.2d 492 (11th Cir.1982); 3 J. Moore & R. Freer, *Moore's Federal Practice* ¶ 15.15[3] (2d ed. 1990). This perhaps results from the fact that the new facts contained in the supplemental pleading and arising after the initial pleading constitute a new cause of action.

■ Consequently, when Mr. Jones asserted a new ground for divorce by supplemental pleading in 1985, the one-year separation under W.Va.Code, 48–2–4(a)(7), this was a new and separate cause of action not based on the factual occurrence in the original suit. This cause of action did not relate back and, therefore, Mrs. Jones had a right to assert any claim that was available to her in 1985, including the right to equitable distribution.

We, therefore, conclude that the trial court erred in refusing to apply equitable distribution principles to this case. Therefore, the order of the Circuit Court of Roane County is reversed, and the case is remanded for determination of the proper equitable distribution.

Reversed and Remanded.

---

7. We have adopted a similar rule with regard to Rule 15(c), as illustrated by the Syllabus of *Roberts v. Wagner Chevrolet–Olds, Inc.,* 163 W.Va. 559, 258 S.E.2d 901 (1979):

"An amendment to a complaint which changes only the legal theory of the action, or adds another claim arising out of the same conduct, transaction or occurrence, will relate back to the filing of the original complaint, provided (1) injustice to the adverse party will not result from allowance of relation back, and (2) the adverse party has received adequate notice of the claim against him and has an adequate opportunity to prepare a defense to it."

*See also Bennett v. Owens,* 180 W.Va. 641, 378 S.E.2d 850 (1989); *Adkins v. Slater,* 171 W.Va. 203, 298 S.E.2d 236 (1982); *Farmer v. L.D.I., Inc.,* 169 W.Va. 305, 286 S.E.2d 924 (1982); *Plum v. Mitter,* 157 W.Va. 773, 204 S.E.2d 8 (1974). *Cf. Mauck v. City of Martinsburg,* 178 W.Va. 93, 357 S.E.2d 775 (1987).