423 S.E.2d 897

**Craig E. RABER, Plaintiff Below, Appellant,**

v.

**EASTERN ASSOCIATED COAL CORPORATION, Defendant Below, Appellee.**

No. 20723.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 22, 1992.

Decided Nov. 13, 1992.

Brent E. Beveridge, Fairmont, for appellant.

C. David Morrison and Richard M. Yurko, Jr., Steptoe & Johnson, Clarksburg, for appellee.

PER CURIAM.

This is an appeal from a grant of summary judgment in favor of the defendant, Eastern Associated Coal Corporation, and against the plaintiff, Craig E. Raber, by the Circuit Court of Marion County. Mr. Raber brought this action against Eastern Associated Coal Corporation alleging age discrimination in his layoff and Eastern's subsequent failure to rehire him. We hold that the grant of summary judgment was improper and, therefore, reverse.

Mr. Raber was initially hired by Eastern in 1969 at its Joanne mine. While in the employ of Eastern, he compiled a good work record and was periodically promoted. In 1983, Mr. Raber was transferred to Federal No. 1 mine.

During this period, Eastern was in the process of closing both the Joanne and Federal No. 1 mines. On October 13, 1984, as part of a reduction-in-force, Mr. Raber was laid off. Eastern's representative told him that he would be on temporary layoff, subject to recall, for two years. If he was not recalled within that time period, his layoff would become permanent. He was never recalled. Mr. Raber was forty years old at the time of his layoff.

■ Mr. Raber instituted this suit against Eastern in 1986 alleging that he was chosen for layoff on the basis of age.[1] Eastern moved for summary judgment. This initial motion was denied, and the parties began a lengthy period of discovery. Following discovery, Eastern renewed its summary judgment motion. This time, the circuit judge granted the motion, finding that Mr. Raber had not presented any evidence to create a genuine issue of material fact.

■ We have previously addressed the issue of summary judgment in an age discrimination case in *Conaway v. Eastern Associated Coal Corp.*, 178 W.Va. 164, 358 S.E.2d 423 (1986). In Syllabus Point 2 of *Conaway*, we stated:

"To successfully defend against a motion for summary judgment, the plaintiff must make some showing of fact which would support a prima facie case for his claim."

We went on in Syllabus Point 3 to define the elements of a prima facie case:

"In order to make a prima facie case of employment discrimination under the West Virginia Human Rights Act, W.Va. Code § 5–11–1 *et seq.* (1979), the plaintiff must offer proof of the following:

"(1) That the plaintiff is a member of a protected class.

"(2) That the employer made an adverse decision concerning the plaintiff.

"(3) But for the plaintiff's protected status, the adverse decision would not have been made."

In this case, we find that Mr. Raber has demonstrated that evidence exists which would support a prima facie case. He was forty years old at the time of his layoff, bringing him within the protected class under the statute. W.Va.Code, 5–11–3(q) (1981).[2] Clearly, the employer "made an adverse decision concerning" Mr. Raber when it chose him for layoff.

We note, however, that several courts have recognized a cause of action for discrimination in failure to recall. *See Massarsky v. General Motors Corp.*, 706 F.2d 111 (3d Cir.1983), *cert. denied*, 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 314 (1983); *Whitten v. Farmland Industries, Inc.*, 759 F.Supp. 1522 (D.Kan.1991); *Franci v. Avco Corp.*, 538 F.Supp. 250 (D.Conn.1982).

---

1. Mr. Raber later sought, on the eve of trial in 1990, to amend his complaint to include a count alleging discrimination on the basis of failure to recall him. The circuit court denied his motion for leave to amend. We decline to address the issue of discriminatory failure to recall on the merits, because the trial court's refusal was proper. Rule 15(a) of the West Virginia Rules of Civil Procedure allows liberal amendment of pleadings, and leave to amend is to be granted "when justice so requires." We cannot say that justice requires the trial court to allow an amendment on the day before trial, approximately four years after the initial filing of the complaint. *See Mauck v. City of Martinsburg*, 178 W.Va. 93, 357 S.E.2d 775 (1987).

2. W.Va.Code, 5–11–3(q) (1981), provided: "The term 'age' means ages forty through sixty-five, both inclusive[.]" W.Va.Code, 5–11–3, was rewritten in 1992. The applicable provision is now denominated as subparagraph (k) and no longer contains an upper age limit.

It is the satisfaction of the third requirement that is in dispute here—whether there is any evidence that the decision to lay off Mr. Raber was motivated by his age. In the record before us, there is deposition testimony from other Eastern employees regarding a noticeable trend to lay off older workers first. Another foreman testified that he was instructed to alter evaluations, with resulting decreases in the pay grades of older workers and increases in those of younger workers. Both parties presented statistical evidence comparing those who were laid off with those who were retained in terms of age and qualifications. While we cannot state that this evidence will enable Mr. Raber to prevail at trial, it is certainly adequate to overcome a motion for summary judgment.

■ We note that the parties, in presenting their statistical evidence, utilized different sample groups. For purposes of clarity on remand, we feel the need to address the issue of which group is appropriate to use as the sample in ascertaining whether Mr. Raber was subjected to unfair treatment based on his age.

Several federal circuit courts have addressed similar issues of sample groups for purposes of analysis of alleged discrimination. *Kirkland v. New York State Dep't of Correctional Servs.*, 520 F.2d 420 (2d Cir.1975), *cert. denied*, 429 U.S. 823, 97 S.Ct. 73, 50 L.Ed.2d 84 (1976), involved alleged racial bias in a competitive civil service examination, which was used to determine promotions. The court held that the analysis must include information on promotions of minority employees at all prisons within the system because the job classifications were identical at all the different institutions, the examination was administered statewide, and there was mobility of employees throughout the system.

The Fourth Circuit Court of Appeals in *Stastny v. Southern Bell Telephone & Telegraph*, 628 F.2d 267 (4th Cir.1980), found similar factors to be important in certifying a class for a discrimination action. The Court of Appeals indicated that information on dispersion of the class, alleging discrimination throughout the company's different facilities, was necessary to enable the court to determine where the authority for making the challenged decisions lay and to define the pool from which the positions in question were filled.

In *Regner v. City of Chicago*, 789 F.2d 534 (7th Cir.1986), however, the Court of Appeals directed that the analysis of discrimination be based solely on promotions at the main library. Although the percentage of minorities in high-level positions throughout the library system was proper for the percentages of minorities employed, there was evidence that the positions at the main library were more coveted than those at the branch libraries. Thus, the court stated, there might be *de facto* discrimination in the failure to promote minorities to positions at the main library.

Although the Courts of Appeals have arrived at differing conclusions regarding what sample group should be used, it is apparent that they all have looked to actual practices of the defendant in the challenged area. Applying that to this case, we look specifically at Eastern's practices in its Northern Division mines.

The layoffs which are the subject of this case were part of an overall process through which Eastern scaled down its operations in its Northern Division, which included Joanne, Federal No. 1, and Federal No. 2 mines. Ultimately, both the Joanne and Federal No. 1 mines were closed. It is apparent from the record and arguments in this case that some transfers occurred during the course of the scaling down process. (As stated above, Mr. Raber himself was transferred prior to his layoff.) In light of the frequency of transfers between the various mines, and Eastern's division-wide reduction, the layoffs should be examined as a whole. The sample should include all mines in the division which were affected by the layoffs.

Mr. Raber should be given the opportunity to more fully develop his case. Because summary judgment was improper in this case, we reverse the judgment of the cir-

cuit court and remand the matter for a trial on the merits.

*Reversed and remanded.*