FILED
November 19, 2020
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 18-1124 – *Southern Environmental, Inc. v. Tucker-Stephen G. Bell, et al.*
No. 18-1139 – *Tucker-Stephen G. Bell, et al. v. Nicholson Construction Co.*
No. 19-1140 – *Nicholson Construction Co. v. Best Flow Line Equipment, L.P.*

Hutchison, J., concurring, in part, and dissenting, in part:

I concur with the majority opinion insofar as it concludes that the circuit court orders entered in Case No. 18-1140 and Case No. 18-1124, and the order entered in Case No. 18-1139 with respect to the cross appeal filed by Respondent Nicholson Construction Company ("Nicholson"), are interlocutory and not presently reviewable by this Court. However, in Case No. 18-1139, the majority's decision to affirm the circuit court's ruling that the plaintiffs' deliberate intent claims against Nicholson do not relate back to the filing of the original complaint is a stunning and hostile departure from our rules of civil procedure, their recognized purpose, and our longstanding case law. To this unfortunate holding, I vigorously dissent.

The question of whether the plaintiffs' deliberate intent claims relate back to the filing of the original complaint calls for a simple and straightforward application of Rule 15 of the West Virginia Rules of Civil Procedure. Rule 15 governs amended and supplemental pleadings and provides:

> (a) **Amendments.** A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and *leave shall be freely given when justice so requires*. A party shall plead in response to an amended

1

pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

. . . .

**(c) Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when:

. . .

(2) *the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading[.]*

*Id.* in relevant part (emphasis added).

Rule 15's "words 'and leave (to amend) shall be freely given when justice so requires' . . . [are] to secure such an adjudication on the merits of the controversy as would be secured under factual situations in the absence of procedural impediments[]" such as statutes of limitations. *Roberts v. Wagner Chevrolet-Olds, Inc.*, 163 W. Va. 559, 562, 258 S.E.2d 901, 903 (1979). Indeed, "[t]his Court is pledged to the principle that Rule 15 should be liberally construed" in order "to allow the liberal use of amendments to implement the policy of encouraging litigation on the merits." *Peneschi v. Nat'l Steel Corp.*, 170 W. Va. 511, 523, 295 S.E.2d 1, 13 (1982) (internal citation omitted). In the syllabus of *Bennett v. Owens*, 180 W. Va. 641, 378 S.E.2d 850 (1989), this Court held:

"The purpose of the words 'and leave [to amend] shall be freely given when justice so requires' in Rule 15(a) W.Va.R.Civ.P., is to secure an adjudication on the merits of the controversy as would be secured under identical factual situations in the absence of procedural impediments; therefore, motions to amend should always be granted under Rule 15 when: (1) the amendment permits the presentation of the merits of the action; (2) the adverse party is not prejudiced by the

2

sudden assertion of the subject of the amendment; and (3) the adverse party can be given ample opportunity to meet the issue." Syllabus point 3, *Rosier v. Garron, Inc.,* 156 W.Va. 861, 199 S.E.2d 50 (1973).

Similarly, in *Roberts*, the Court instructed that

[a]n amendment to a complaint which changes only the legal theory of the action, or adds another claim arising out of the same conduct, transaction or occurrence, will relate back to the filing of the original complaint, provided (1) injustice to the adverse party will not result from allowance of relation back, and (2) the adverse party has received adequate notice of the claim against him and has an adequate opportunity to prepare a defense to it.

163 W. Va. at 559, 258 S.E.2d at 901, syl. *See also Brooks v. Isinghood*, 213 W. Va. 675, 684, 584 S.E.2d 531, 540 (2003) ("'Rule 15 allows a party to amend despite the running of an applicable state statute of limitations when parties are sufficiently on notice of the facts and claims that gave rise to the proposed amendment.'" (quoting James Wm. Moore, 3 *Moore's Federal Practice 3d,* § 15.19[1] at 15–78 (Matthew Bender, 1997))).

Critically, "[t]he fact that an amendment changes the legal theory on which the action initially was brought is of no consequence if the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading." 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1497 (3rd ed. 2010). (Footnote omitted). In case after case, this Court has held steadfast to these guiding principles. *See Bennett*, 180 W. Va. at 842-43, 378 S.E.2d at 351-52 (holding that change in legal theory alleging that defendant committed battery to allegations that he was negligent in conducting party where plaintiff

was injured by failing to monitor consumption of alcohol by attendees, by allowing guests to become intoxicated, by failing to neutralize argument between plaintiff and other guests, and by encouraging other guests to engage in aggressive conduct "arose out of the same factual context" and put defendant on adequate notice such that amendment related back to filing of original complaint); *Adkins v. Slater*, 171 W. Va. 203, 298 W. Va. 236 (1982) (liberally applying Rule 15 to permit amendment to pleadings to conform to evidence where plaintiffs, who originally alleged negligence theory, amended pleading one month before trial to allege common carrier claim which, if proven, would have made defendants strictly liable for plaintiffs' damages, and finding that defendants were neither surprised nor prejudiced by allowing amendment); *Roberts*, 163 W. Va. at 565, 258 S.E.2d at 904 (holding that amended complaint alleging violation of Truth in Lending Act related back to allegations of original complaint that agreement for car repairs was unconscionable contract of adhesion and that defendants conspired to convert plaintiffs' property; Court reasoned that amendments stated cause of action growing out of specified conduct of defendant that gave rise to original cause of action and did not unfairly prejudice defendant); and *State ex rel. Bd. of Educ. v. Spillers*, 164 W. Va. 453, 259 S.E.2d 417 (1979) (finding that plaintiffs had clear right to amend ad damnum clause where opposing party would not be prejudiced by it and there was ample time and opportunity to meet issue raised by amendment – i.e., fourteen months before trial, no pretrial conference had been held, and additional discovery could occur).

4

In *Tucker v. Momentive Performance Materials USA, Incorporated*, 2013 WL 6073463 (S.D. W. Va. Nov. 18, 2013), the plaintiff alleged claims in the original complaint against his prior employer and ninety-nine other "John Doe" defendants, including product liability, failure to warn, negligence, fraudulent and negligent misrepresentation, and fraudulent concealment, related to his exposure to toxic chemicals during his employment. *See Id.* at *1. Subsequently, the plaintiff sought to amend the complaint to include additional counts for deliberate intent. *See Id.* The plaintiff's employer filed a motion to dismiss on the ground that the new claims did not relate back to the filing of the original complaint and were thus untimely and barred by the applicable statute of limitations. *See Id.* The United States District Court for the Southern District of West Virginia disagreed with the employer and, applying the federal counterpart to our Rule 15, concluded that the

> amended complaint relates back to the[] original pleading. The theories of liability differ between the two pleadings, but they share an identical nucleus of facts. The amended complaint, like the original, arises out of Mr. Tucker's exposure to hazardous chemicals at Momentive's worksite between the years of 1977 and 2011. *The additional factual allegations contained in the amended complaint are obviously designed to track the West Virginia statute setting forth the elements of a deliberate intent cause of action. They do not, as Momentive claims, invoke reference to any conduct, transaction, or occurrence other than that already set forth by the original complaint. Particularly given the liberal amendment standard established by Federal Rule of Civil Procedure 15, any variances between the factual allegations in these pleadings do not suffice to prevent relation back.*

*Id.* at *2 (footnote omitted and emphasis added).

It is clear that the amended complaint relates back to the filing of the original pleading. The deliberate intent claims set forth in the amended complaint and all of the claims set forth in the original complaint arose from the same conduct, transaction or occurrence – that is, the accident and injuries Mr. Bell suffered while working in the course of his employment with Nicholson in West Virginia. The majority's conclusion to the contrary is simply not supported in either law or fact. Furthermore, the majority's feigned concern that Nicholson would suffer injustice, received inadequate notice, and has not had an adequate opportunity to prepare a defense to the deliberate intent claims[1] is likewise wholly unsupportable and, indeed, belied by the reality that this case is in the very earliest procedural stages

Notably, the factual allegations in the amended complaint that the majority finds to be unfairly prejudicial to Nicholson because they were alleged a mere three months after the statute of limitations had expired are not those setting forth the elements of the deliberate intent claims. *See* W. Va. Code § 23-4-2(d)(2)(i) and (ii). Rather, they are simply facts expounding upon Mr. Bell's employment with Nicholson in West Virginia leading up to the accident (i.e., that Mr. Bell worked for Nicholson on a non-temporary basis, for more than thirty days in the preceding 365-day period, and that he was covered by and entitled to the benefits and privileges of West Virginia's workers' compensation laws). To the extent the majority suggests that, without these "new" factual allegations, the plaintiffs' deliberate intent claims would not have survived a motion to dismiss under West

---

[1] *See Roberts*, 163 W. Va. at 559, 258 S.E.2d at 901, syl.

Virginia Rule of Civil Procedure 12(b)(6), I could not disagree more. It is beyond cavil that our rules of civil procedure clearly establish the principle that a plaintiff pleading a claim for relief need only give general notice as to the nature of their claims. This Court has instructed that

> [t]he purpose of a motion under Rule 12(b)(6) of the *West Virginia Rules of Civil Procedure* is to test the sufficiency of the complaint. A trial court considering a motion to dismiss under Rule 12(b)(6) must liberally construe the complaint so as to do substantial justice. *West Virginia Rules of Civil Procedure,* Rule 8(f). The trial court's consideration begins, therefore, with the proposition that "[f]or purposes of the motion to dismiss, the complaint is construed in the light most favorable to plaintiff, and its allegations are to be taken as true." *John W. Lodge Distributing Co., Inc. v. Texaco, Inc.,* 161 W.Va. 603, 605, 245 S.E.2d 157, 158 (1978). The policy of Rule 8(f) is to decide cases upon their merits, and if the complaint states a claim upon which relief can be granted under any legal theory, a motion under Rule 12(b)(6) must be denied. *John W. Lodge Distributing Co.,* 161 W.Va. at 605, 245 S.E.2d at 158–159.

*Cantley v. Lincoln Cty. Comm'n,* 221 W. Va. 468, 470, 655 S.E.2d 490, 492 (2007). Hence, "[t]he trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl. pt. 3, *Chapman v. Kane Transfer Co.*, 160 W. Va. 530, 236 S.E.2d 207 (1977). S*ee also State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W.Va. 770, 776, 461 S.E.2d 516, 522 (1995) ("Complaints are to be read liberally as required by the notice pleading theory underlying the West Virginia Rules of Civil Procedure."). Had our rules been fairly applied in this case, Nicholson's Rule 12(b)(6) motion to dismiss the plaintiffs' deliberate intent

7

claims would have categorically been denied. Thus, to the extent the circuit court granted Nicholson's motion to dismiss the plaintiffs' deliberate intent claims, and the derivative spousal and parental loss of consortium claims, I respectfully dissent.

Based upon the foregoing, I concur, in part, and dissent, in part, to the majority opinion in this case.