# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Robert Adams,**
**Plaintiff Below, Petitioner**

**FILED**

April 26, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-0615** (Kanawha County 11-C-336)

**West Virginia Department of Agriculture and Janet Fisher,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Robert Adams, by counsel Katherine L. Dooley, appeals the Circuit Court of Kanawha County's order entered on April 3, 2012, granting summary judgment in favor of the respondents. Respondents appear by counsel Bryan R. Cokeley.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The petitioner was an at-will employee of the West Virginia Department of Agriculture (hereafter DOA). He served as a pesticide officer in the Morgantown office. In February of 2010, DOA investigated a report that the petitioner was acting inappropriately toward a co-worker. DOA found that the petitioner: 1) made reference to a pilot being distracted while joining the "mile high club" resulting in a deadly helicopter crash; 2) played rock songs on his office radio which included a woman in apparent sexual climax; 3) opened the door to the occupied women's restroom while looking for a male employee; and 4) made reference to a "hot-buttered orgy" in a conversation with co-workers.

Deputy Commissioner Janet Fisher directed DOA's IT Manager, Darius Walker, to access a history of the petitioner's computer activity. He discovered that the petitioner routinely visited websites and accessed material in violation of DOA's internet use policies. Ms. Fisher met with petitioner to discuss the allegations by the co-workers and his computer misuse. Ms. Fisher believed the petitioner failed to articulate a satisfactory justification for his conduct. Petitioner was placed on paid administrative leave until the investigation was completed.

In addition to the items found on the petitioner's computer, DOA employees discovered other unacceptable materials in his office including: 1) an inventory of weapons he owned; 2) material containing "strong language, adult situations, violence, and sexual material;" 3) images of women in various states of nudity; 4) sexualized "anime" images; and 5) written jokes

1

involving sexual matters. After reviewing these items, DOA terminated the petitioner by letter dated March 12, 2010.

Ms. Fisher and Mr. Walker contacted the Federal Bureau of Investigations (FBI) because they were disturbed about the materials discovered in the petitioner's office. Ms. Fisher felt the petitioner's inventory of weapons was unusually long for one individual.[1]

Following his discharge, the petitioner instituted the instant civil action against the respondents in February of 2011. The complaint alleged the following causes of action: 1) deprivation of a property interest in his continued employment; 2) wrongful termination; 3) harassment; and 4) age discrimination.

On March 2, 2012, the parties appeared, by counsel, and presented oral arguments to the court on their cross motions for summary judgment. In the petitioner's motion for summary judgment, he raised a claim not asserted in the complaint. He alleged that his liberty interest was implicated by the termination. The court found that the petitioner's liberty interest claim was untimely because it was not stated in the complaint. Furthermore, the court found that the petitioner offered no evidence to demonstrate such a violation occurred.

On April 3, 2012, the court entered an order granting the respondent's motion for summary judgment and denying the petitioner's motion for summary judgment. Specifically, the court found:

> [T]here is no genuine dispute: 1) that Plaintiff cannot identify any basis for asserting a property interest in continued employment with the WVDOA; 2) Plaintiff's claim for "wrongful termination" is not legally supportable under West Virginia law; 3) Plaintiff has not identified any harassment which can be linked to his sex, age, or other protected characteristic; and 4) Plaintiff has not demonstrated a prima facie case for age discrimination or any evidence sufficient to overcome the WVDOA's legitimate, nondiscriminatory basis for his discharge.

On appeal to this Court, the petitioner contends the circuit court erred in granting the respondent's motion for summary judgment because there were genuine issues of material fact which entitle him to a trial on the merits. Petitioner argues that the respondents infringed upon

---

[1]During her deposition testimony, Ms. Fisher articulated her concern:

> I had a computer printout with not only pornographic sites. One of them appeared to be a site with underage girls, hotteenbellies.com, which was a concern. Some of the websites he hit were military and militia-type websites. Then we have this booklet that gives him access to information on everything from, you know, how to – how to make your own bulletproof vest to how you survive in the wilderness to how you overthrow a government to how you change your identity and relocate to – some really weird and disturbing things. So when you take all of that and you put it all together, you have cause for concern.

his liberty interest when Ms. Fisher and Mr. Walker contacted the FBI regarding the findings in the petitioner's office. Petitioner relies upon Syllabus Point 2 in *Waite v. Civil Service Commission*, 161 W.Va. 154, 241 S.E.2d 164 (1977), which states:

> The "liberty interest" includes an individual's right to freely move about, live and work at his chosen vocation, without the burden of an unjustified label of infamy. A liberty interest is implicated when the State makes a charge against an individual that might seriously damage his standing and associations in this community or places a stigma or other disability on him that forecloses future employment opportunities.

This Court reviews a circuit court's entry of summary judgment de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). "'A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963)." Syl. Pt. 1, *Carr v. Michael Motors, Inc.*, 210 W.Va. 240, 557 S.E.2d 294 (2001). We note that "[t]he circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial." Syl. Pt. 3, *Painter, Id.* Mindful of these principles, we address the issue raised on appeal.

The petitioner asserts the circuit court erred by granting summary judgment in favor of the respondents on the issue of his liberty interest. We find that the circuit court properly rejected this argument because the petitioner failed to pursue this claim in his pleadings. A liberty interest cause of action was not raised in the complaint. Furthermore, the petitioner did not attempt to amend and supplement his pleadings pursuant to Rule 15(a) of the West Virginia Rules of Civil Procedure. The issue was not raised until the petitioner moved for summary judgment. Petitioner offered no explanation for his failure to request leave to amend the complaint.[2]

In Count I of his complaint, the petitioner alleged he had a "property interest in his continued employment" with the DOA. A fair reading of that document limits the cause of action to that theory. Petitioner was undisputedly an at-will employee. Therefore, the circuit court correctly found that the petitioner could not identify any basis for a property interest in continued employment.

As discussed above, the circuit court addressed all of the issues raised in the pleadings and disposed of this claim on several grounds. However, the petition for appeal addressed only the liberty interest issue. Insofar as the petitioner failed to raise or argue any issue in his brief pertaining to summary judgment on his other wrongful termination claims, we deem the matters to be waived. *See* Syl. Pt. 6, *Addair v. Bryant*, 168 W.Va. 306, 284 S.E.2d 374 (1981)("Assignments of error that are not argued in the briefs on appeal may be deemed by this

---

[2] *See Mauck v. City of Martinsburg*, 178 W.Va. 93, 95, 357 S.E.2d 775, 777 (1987)("The liberality allowed in the amendment of pleadings does not entitle a party to be dilatory in asserting claims or to neglect his case for a long period of time.")

Court to be waived."); *see also Tiernan v. Charleston Area Med. Ctr., Inc.*, 203 W.Va. 135, 140 n. 10, 506 S.E.2d 578, 583 n. 10 (1998)("Issues not raised on appeal or merely mentioned in passing are deemed waived.").

For the foregoing reasons, we affirm the circuit court's order granting summary judgment in favor of the respondents.

Affirmed.

**ISSUED:** April 26, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II