# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Ilene Kassab, Andre Johnson, individually
and as agents for Interstate Equities, L.L.C.,
Plaintiffs Below, Petitioners**

**FILED**

**November 22, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)   No. 13-0263** (Kanawha County 12-C-142)

**Wilma Ellis, Henry E. Wood, III, and
Hon. Carol Fouty, Kanawha County Magistrate,
Defendants Below, Respondents**


## MEMORANDUM DECISION

Petitioners Ilene Kassab and Andre Johnson, individually and as agents for Interstate Equities, L.L.C., by counsel David R. Karr, Jr., appeal the February 6, 2013, order of the Circuit Court of Kanawha County denying petitioners' motion to amend judgment. Respondent Wilma Ellis, by counsel Jonathan R. Mani, and Respondent Henry E. Wood III, by counsel Jordan K. Herrick and Robert P. Martin, have filed a joint response in support of the circuit court's order. Respondent Carol Fouty has not filed a response. Petitioners have filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

This case arises from a five-year land contract for a home in Charleston, West Virginia, originally executed in 2007. The land is owned by Respondent Henry Wood. Respondent Wilma Ellis, a licensed real estate agent, was the agent who dealt with the contract. Pursuant to the contract, Respondent Wood would retain title to the property until the Land Contract was paid in full. The contract stated that if petitioners defaulted on payment, the sums paid up through that point would be considered rent.

Petitioners allege that a different land contract had been executed by other parties in 2006 for this property, but that contract fell through after the buyers learned of the existence of a mold infestation and a cracked foundation. The mold was not listed on the 2007 property disclosure form, the 2006 form was never provided to petitioners, and petitioners did not obtain their own inspection. Within a few months of entering into the land contract, petitioners fell behind in their payments to respondents. For the next three years, petitioners were continuously behind in their

1

payments. Respondent Wood filed a petition in Kanawha County Magistrate Court in October of 2011 for recovery of the rental property he claimed was wrongfully occupied after petitioners fell $11,130.16 behind in payments, as well as nonpayment of utilities, insurance, and property taxes. An eviction order was issued on November 23, 2011.

Petitioners filed suit in the circuit court in January of 2012, to block the eviction order granted in magistrate court and to allow them to complete the purchase of the property. Petitioners also sought an order forcing Respondent Wood to honor the contract under which petitioners had already paid over $60,000 and approximately $60,000 in improvement expenses; and, for fraud damages. Petitioner served an amended complaint prior to respondents answering the initial complaint, including allegations that this was just the latest attempt by Respondent Wood and his real estate salesperson Respondent Wilma Ellis to defraud petitioners of over $125,000 in equity in the residence by using this particular piece of real estate in a scheme to repeatedly sell and resell the property while retaining a substantial downpayment. The amended petition also sought a writ of prohibition to prevent enforcement of the magistrate court order based on various jurisdictional flaws with the case being filed in magistrate court. The basis of petitioners' fraud claim was that respondents would use the land contract method to circumvent the normal process and secure sizeable downpayments with little risk of discovery of the material defects in the home.

On March 5, 2012, the circuit court heard petitioners' motion to amend the complaint to allow a cause of action for exposure to mold in the house and respondents' argument to enforce the magistrate court eviction of petitioners. Following this hearing, no order was entered, but petitioners were allowed to remain in the home while the circuit court took the case under advisement.

In August of 2012, petitioners moved for leave to file a second amended complaint. Petitioners had attempted to obtain a loan for the property and, due to the inspection required for this loan, found out about the existence of mold in the home, as well as the cracked foundation. As Petitioner Johnson had fallen ill just after moving into the home, he began to have medical evaluations to determine if the mold was the cause of his medical problems. It was later found that he had mycotoxins in his body due to the colonization of fungi. This complaint dealt with additional allegations of wrongdoing surrounding the illnesses suffered by petitioners as a result of their exposure to mold in the home. A status conference was held on September 13, 2012, with petitioners' motions to amend still pending as well as a motion to dismiss/motion for summary judgment filed by respondents. Petitioners moved to withdraw the motion to stay the eviction order, withdrew objections to the order of eviction, and announced at the hearing they could vacate the property and tender it to Respondent Wood within the week. Petitioners' stated reason was that the defects in the home were causing health problems and caused them to be unable to secure a conventional loan for the balloon payment coming due.

The circuit court issued an order dated November 14, 2012, in which it denied petitioners' motion to include the mold concealment into the fraud and unjust enrichment claim and granted respondents' motion to dismiss the claims as moot. The circuit court stated:

As Plaintiffs have abandoned their request for specific performance on the Land Sale Contract and relinquished all rights to the subject property, their

2

claims for alleged fraud are now MOOT, as they have ratified Henry Wood and Wilma Ellis' actions by abandoning the subject property. Because the request for specific performance and allegation of fraud are moot, the Court should dismiss this action with prejudice.

On November 29, 2012, petitioners filed a "Motion to Amend Judgment Pursuant to W.Va. Rules of Civil Procedure Rule Nos. 59 and 60." That motion, and the memorandum in support of it, argued two main points: first, that the circuit court erred in finding that petitioners should have been aware of any alleged mold exposure when the initial suit was filed; and second, that the only portion of petitioners' action that was rendered moot by them turning the house over to Respondent Wood was the eviction order, and that the fraud claim remained valid. The circuit court denied this motion. As to the damages for mold exposure, the circuit court found that:

> The Order [dismissing the case, entered November 16, 2012] does not dismiss Plaintiffs' personal injury claims relating to mold in the property at issue because these claims were not before the Court . . . The Plaintiffs may still pursue the personal injury claims relating to mold - just not within the confines of the present case.

Petitioners appeal from this order.

We have previously held that "[t]he standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed." Syl. Pt. 1, *Wickland v. Am. Travellers Life Ins. Co.,* 204 W.Va. 430, 513 S.E.2d 657 (1998). In the present case, the circuit court granted respondents' motion to dismiss the claim as moot. "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo.*" Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995).

Petitioners argue three assignments of error. First, they argue that the circuit court erred in denying their motion to amend the complaint a second time to include an express cause of action for petitioners' injuries resulting from the toxic mold to which they had been exposed as a consequence of Respondent Wood's fraudulent concealment of certain conditions in the dwelling. This Court has held:

> "A trial court is vested with a sound discretion in granting or refusing leave to amend pleadings in civil actions. Leave to amend should be freely given when justice so requires, but the action of a trial court in refusing to grant leave to amend a pleading will not be regarded as reversible error in the absence of a showing of an abuse of the trial court's discretion in ruling upon a motion for leave to amend." Syllabus Point 6, *Perdue v. S.J. Groves and Sons Co.,* 152 W.Va. 222, 161 S.E.2d 250 (1968).

Syl. Pt. 5, *Poling v. Belington Bank, Inc.*, 207 W.Va. 145, 147, 529 S.E.2d 856, 858 (1999). Petitioners herein have not set forth any evidence that the circuit court abused its discretion in denying the motion for leave to file a second amended complaint. Petitioners resided in the property since 2007 but the first time any mold exposure issues were brought forth was on August 23, 2012. At no time during the prior five years did petitioners ever mention the mold or that they were ill because of it. To allow petitioners to amend the complaint at this late stage would be prejudicial to respondents as petitioners had ample time to discover the alleged concealment and make the allegations. Moreover, this case was pending for over nine months, and petitioner amended once in that time. Petitioner had ample time to allege the cause of action well before August of 2012, and the new allegations do not relate back to the original complaint. This Court has stated:

> We similarly indicated that courts should consider the prejudicial effect of an amendment changing a legal theory in *Roberts v. Wagner v. Chevrolet-Olds, Inc.,* 163 W.Va. 559, 258 S.E.2d 901 (1979), stating in the sole syllabus point that:
>
> An amendment to a complaint which changes only the legal theory of the action, or adds another claim arising out of the same conduct, transaction or occurrence, will relate back to the filing of the original complaint, provided (1) injustice to the adverse party will not result from allowance of relation back, and (2) the adverse party has received adequate notice of the claim against him and has an adequate opportunity to prepare a defense to it.

*Brooks v. Isinghood*, 213 W.Va. 675, 686, 584 S.E.2d 531, 542 (2003). The alleged mold exposure claim and the alleged fraudulent concealment of it had nothing to do with inducing petitioners into entering the land sale contract because petitioners warranted in the contract that they had inspected the subject property. Thus, denial of the motion to amend was proper.

Next, petitioners argue that the circuit court erred in dismissing petitioners' cause of action against respondents in its entirety. Specifically, petitioners argue that the circuit court erred in dismissing their claim for recovery of the direct and indirect financial benefits by which respondents were unjustly enriched, particularly on the basis of the reason stated by the circuit court for the dismissal; namely, that petitioners' claims had been wholly rendered moot by petitioners' decision to return possession of the real estate to Respondent Wood. Petitioners also seek to recover damages for fraud, and argue that the notion that the real estate had to be returned is what underpins the claim for fraud and is in no way inconsistent with petitioners' right to have a legal remedy. The only issues before the circuit court were the allegations in the first amended complaint, which only included the three claims: (1) a writ of prohibition prohibiting Magistrate Fouty from enforcing the order of eviction; (2) request for specific performance of Respondent Wood to turn over title and deed to petitioners; and, (3) fraud in the inducement regarding the land contract. This Court finds that these were all abandoned by petitioners returning the property.

As to petitioners' claims of fraud, petitioners noted "material patent and latent defects" in the property in the complaint but never stated what those are. Rule 9(b) of the West Virginia Rules

4

of Civil Procedure states, in part, that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Further, this Court has stated that

> The charge of fraud is of such gravity that the strict requirements of Rule 9(b), R.C.P., have been included in the procedural rules as an exception to the principles of brevity and simplicity in pleading called for in Rule 8(e)(1). The rationale for these requirements is to permit the party charged with fraud the opportunity to prepare a defense.

*Hager v. Exxon Corp.*, 161 W.Va. 278, 283, 241 S.E.2d 920, 923 (1978). In this case, there is no particularity in the pleadings, and thus the claim of fraud is insufficient. Again, we find no error by the circuit court in dismissing petitioners' claims.

Finally, petitioners argue that the circuit court erred in dismissing the case without any recitation of the standard applied; the law applicable to the ruling; and/or the basis of the procedural rule upon which the dismissal was based. A review of the record and the order shows that the lawsuit was properly dismissed because petitioners voluntarily vacated the property, thus abandoning the causes of action, as discussed above. The claims were properly dismissed as moot, and no further discussion was necessary by the circuit court.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 22, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis
Justice Menis E. Ketchum